[No. 8823.   Department One.   October 3, 1910.]

MURDOCK CAMPBELL, *Appellant*, v. E. N. JONES *et al.,*
*Respondents.*[1]

MASTER AND SERVANT — RELATION — INDEPENDENT CONTRACTORS —
"FORCE ACCOUNT."   Subcontractors on railroad construction who
worked under a "force account" or agreement to furnish the tools,
appliances, and men at actual cost, plus a fixed percentage as their
profit, are independent contractors, and the relation of master and
servant does not obtain between their servants and the railroad com-
pany.

MASTER AND SERVANT—SAFE PLACE—ACT OF FOREMAN—FELLOW
SERVANTS.   Railroad contractors are liable to an employee, engaged
on a steep hillside, for an injury sustained through the negligent
act of their foreman in kicking a stump loose above the working
place, causing a rock to roll down the hill; since they owed the non-
delegable duty of furnishing a safe place to work and of keeping
it safe; and it is immaterial that the act of kicking the stump loose
was that of a fellow servant, since the foreman's duty of superin-
tendence was a continuous one.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered January 29, 1910, dis-
missing at the close of plaintiff's case an action for personal
injuries sustained by an employee in railroad construction
through the fall of a rock.   Affirmed in part and reversed in
part.

*Plummer & Latimer,* for appellant.

*H. H. Field* and *Cullen & Dudley,* for respondent Chicago,
Milwaukee & Puget Sound Railway Company.

FULLERTON, J.—The appellant brought this action against
the respondents to recover for personal injuries.   On the
trial, at the close of his case in chief, a challenge to the suf-
ficiency of his evidence was interposed by the respondents
and sustained by the court, and afterwards a judgment was

[1]Reported in 110 Pac. 1083.

entered against him to the effect that he take nothing by his action. This appeal followed.

From the record it appears that, at the time the appellant received the injuries for which he sues, the respondent Chicago, Milwaukee & Puget Sound Railway Company was engaged in constructing a railroad across the state of Washington, and had let the contract for the construction of its roadbed to a firm of contractors known as Grant Smith & Company, who in turn had sublet the work of constructing a portion thereof to the respondents Jones & Onserud. Between the terminals of the work undertaken by Jones & Onserud, or contiguous thereto, was certain bridge work which was not included within the work undertaken by them, but which nevertheless required certain grading and excavating to be done preparatory to the erection of the bridge. The contractors Jones & Onserud undertook to do this work under what a witness called a "force account;" that is, as the witness explains, Jones & Onserud undertook to furnish all the necessary labor, materials, and tools and do the necessary grading and excavating, for the actual cost of the work, plus a fixed percentage to be added thereto as profit.

The appellant was employed by Jones & Onserud, and was put to work with some three or four others on the force account work, excavating for a bridge pier under the direction of one A. E. Lundin, foreman for Jones & Onserud. The place of work was on a steep hillside, so steep, in fact, that, before paths and steps were cut into the face of the hill, the workmen were let down to their place of work with ropes. A part of the work consisted in drilling holes into the bank with churn drills. The weather being cold, clay and earth would freeze to the drills, rendering them useless, and to clean them they were heated in a small fire which was kept burning for that purpose at the place of work. To get fuel for this fire the foreman, Lundin, went up the hill some one hundred and fifty feet above the fire, and proceeded to uproot a small stump that stood at that place, by kicking it with his foot.

In so doing he loosened a rock some twelve inches in diameter, which rolled down the hill and struck appellant, causing the injuries for which he sues. The record does not show that the railway company was in any manner concerned in the employment of the appellant. It did not hire him directly, nor did it attempt in any manner to direct or control his work while he was engaged in excavating for the pier. Its contract was with Jones & Onserud. It employed that firm to do the work, leaving them to perform it according to their own methods, and with their own tools, materials, and employees, subject to the one condition that certain defined results be obtained.

Such being the record, we think the trial judge very properly sustained the challenge to the sufficiency of the evidence made by the respondent railway company. Jones & Onserud, the employers of the appellant, sustained to that company the relation of independent contractors, and their negligence or the negligence of their foreman, whereby one of their employees was injured, could not render the railway company liable for such injury. *Easter v. Hall*, 12 Wash. 160, 40 Pac. 728; *Boyle v. Great Northern R. Co.*, 13 Wash. 383, 43 Pac. 344; *Ziebell v. Eclipse Lumber Co.*, 33 Wash. 591, 74 Pac. 680; *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089, 1 L. R. A. (N. S.) 283; *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136; *Larson v. American Bridge Co.*, 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904; *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310; *Seattle Lighting Co. v. Hawley*, 54 Wash. 137, 103 Pac. 6.

But we think the court erred in sustaining the challenge to the evidence made on behalf of the defendants Jones & Onserud. They were the appellant's employers, and owed to him the duty of furnishing him with a reasonably safe place in which to work, and the duty of keeping the place reasonably safe as long as they required him to work therein. This duty was nondelegable, and when they intrusted it to another, they became responsible for the negligent perform-

ance of the duty by that other. If, therefore, Lundin, in uprooting the stump, acted negligently, and the place of work which had been furnished the appellant was thereby rendered dangerous or unsafe, there can be no question of the liability of his principals therefor. His negligence was their negligence, and any negligent act in the line of his duty which would render him personally responsible to the appellant would render his principals likewise personally responsible. The liability of the respondents Jones & Onserud, therefore, turns on the question whether the act of uprooting the stump was in itself negligent. But as to this we think the evidence made a case for the jury. The position of the stump with reference to the working place of the appellant, the manner in which it was uprooted, the frozen condition of the ground, and the fact that the act did in fact loosen a rock which rolled down the hill and injured the appellant, were all matters to be considered by the jury in determining the character of the act, and the court should have submitted the question of negligence to them.

We are aware of the contention of the respondents, to the effect that Lundin when he uprooted the stump was not engaged in the master's work, but was performing the labor of a servant; that he was at that time a fellow servant, and his acts being those of a fellow servant would not render the master liable for injuries resulting therefrom, even though it were considered that the acts were negligent. But this reasoning overlooks the fact that the duty of the respondents to oversee the appellant's place of work was a continuing duty, obligatory upon them at all times; that while the work itself may have been servant's work, the duty to see that its performance did not result in injury to the servants working elsewhere was the master's duty. This duty, as we say, could not be delegated, and if the injury to appellant was caused by its negligent performance, the master is liable. This principle was announced by this court in the case of *Creamer v. Moran Bros. Co.*, 41 Wash. 636, 84 Pac. 592. There cer-

tain employees of the appellant were engaged, under the direction of a foreman, in removing a propeller from a propeller shaft of a ship to which it was tightly wedged. The hub of the propeller had been heated to facilitate its removal, and oil confined therein had by that means become intensely hot. In the course of the work, the foreman took up a sledge and struck the hub a blow which loosened it, releasing the hot oil, which poured upon an employee assisting in the work, and burned him so severely as to cause his death. It was held that the act of the foreman was the act of the master, and not that of a fellow servant. In the course of its opinion, the court said.

"It is urged by appellant that the act of the superintendent in striking the hub with the sledge at the time and in the manner in which he did, constituted an act of a fellow servant of Creamer; that such an act, although performed by the superintendent, was not one of superintendence, was not one of the nondelegable duties of the master, was not the act of a vice principal; but was the manual act of one working with Creamer in the same undertaking and to accomplish the same end toward which they were all working; that in striking said blow said superintendent was, for the time being, a fellow workman of Creamer, and that his negligence as such would not render the appellant company liable. This argument would appeal strongly to the writer of this opinion were it not for the former decisions of this court. *Nelson v. Willey Steamship etc. Co.*, 26 Wash. 548, 67 Pac. 237; *Dossett v. St. Paul etc. Lumber Co.*, 40 Wash. 276, 82 Pac. 273; *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114. Under the authority of those decisions, when the superintendent, without the knowledge of the workman, negligently set in operation an agency fraught with danger, he thereby rendered the company liable for the result of such negligence."

We are of the opinion, therefore, that, on any view of the case, the judgment is erroneous as to the respondents Jones & Onserud. As to them the judgment will be reversed, and the cause remanded with instructions to grant a new trial. As

to the Chicago, Milwaukee & Puget Sound Railway Company, it will stand affirmed.

Rudkin, C. J., Gose, and Chadwick, JJ., concur.