[No. 12369. Department One. April 6, 1915.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
J. B. TILLOTSON *et al.*, *Respondents.*[1]

MASTER AND SERVANT — RELATION — INDEPENDENT CONTRACTORS — COUNTIES — LIABILITY TO THIRD PERSONS — COMPLAINT. Under the rule that the principal is liable for the acts of an independent contractor, when the character of the work is inherently and intrinsically dangerous, a complaint by a railway company against a county states a cause of action when it alleges that the county let a contract for the construction of a state road knowing that it was inherently dangerous and would result in damaging plaintiff's right of way, tracks and telegraph wires adjacent thereto, and in endangering the operation of the trains; that the contractor, under plans and specifications given by the county, used explosives for the purpose of removing stones and stumps, throwing stones, stumps, etc., across the right of way, railway tracks and telegraph wires; and that he felled trees in such a negligent manner as to allow them to fall onto and across the right of way, railway tracks and telegraph wires of plaintiff; the methods employed being contemplated, and sanctioned, and acquiesced in by the county, which at all times had knowledge of the methods whereby the contract was being completed, and at all times during the construction of said highway controlled the manner of doing the work.

¹Reported in 147 Pac. 423.

Appeal from a judgment of the superior court for Pacific county, Holcomb, J., entered August 4, 1914, upon sustaining a demurrer to the complaint, dismissing an action in tort. Reversed.

*Geo. T. Reid, J. B. Quick, L. B. da Ponte,* and *Robert G. Chambers,* for appellant.

*H. W. B. Hewen* and *Herman Murray,* for respondent Pacific County.

MOUNT, J.—This action was brought by the plaintiff to recover damages from the defendants on account of injuries to the right of way, railroad tracks, and telegraph wires of the railway company. The defendant Pacific county appeared separately and filed a demurrer to the complaint. This demurrer was sustained upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed as to Pacific county. The plaintiff has appealed.

The complaint, after alleging the incorporation of the plaintiff, alleges, that in July, 1911, the defendant Pacific county entered into a contract with Zindorf & Elliott, whereby they agreed to construct a part of state road No. 5 in Pacific county. A copy of the contract between Pacific county and Zindorf & Elliott is attached to the complaint and made a part thereof; that subsequently, Zindorf & Elliott, with the consent of Pacific county, sublet a part of the work to the defendant J. B. Tillotson, who in carrying out the contract for and on behalf of Pacific county, and as its agent under the terms of said contract, so negligently and carelessly performed and completed the contract, and particularly in the blasting and felling of trees in the building of said road, that the same fell upon and greatly endangered the plaintiff's telegraph wires, and endangered the operation of the trains of the plaintiff, and injured and damaged

the railroad track owned by the plaintiff, so that for the necessary protection of said telegraph wires and track and the operation of plaintiff's trains, it was forced to, and did, incur expense in the sum of $221.67.

After alleging that these expenses were reasonable, and that a claim therefor was presented to Pacific county and rejected, the complaint then states:

"That the defendant Pacific county, was engaged in the construction of that part of state road No. 5 described herein during the year 1911, and that the defendant Tillotson was the agent of the defendant Pacific county, and employed by it in constructing said highway at the points where the damage to plaintiff's property occurred; that at the time the defendant Pacific county entered into the contract which is hereto attached, and at the time they employed the defendant Tillotson to construct the highway herein described, the defendant Pacific county, and its officers, agents, and employees, including the defendant Tillotson, well knew that the construction of said highway according to the plans and specifications of said contract was inherently and intrinsically dangerous in and of itself and would necessarily result in damaging the plaintiff's right of way, railway tracks, and telegraph wires, adjacent thereto, and would necessarily result in endangering the operation of the plaintiff's trains; that the probable result of the construction of said highway according to the plans and specifications set forth and made a part of said contract, was at all times known to the defendant Pacific county, its agents, officers, and employees and to the defendant Tillotson; that the employer, Pacific county, at all times during the construction of said highway, controlled the manner of doing the work.

"That at the point where the injuries set forth in this complaint were sustained, state road No. 5 is in close proximity to the right of way, railway track, and telegraph wires of this plaintiff; that defendant Tillotson in constructing said roadway under the plans and specification as given him by defendant Pacific county, used explosives for the purpose of removing stones, stumps, and other material from said roadway and the natural, probable and reasonable results of the use of said explosives for such purposes was to throw stones, stumps, and trees onto and across the right of way, railway

tracks, and telegraph wires of the plaintiff; that in cutting down trees on the roadway the defendant Tillotson negligently and carelessly allowed said trees to fall onto and across the right of way, railway track, and telegraph wires of this plaintiff; that the methods employed by the defendant Tillotson in removing stones, stumps, and trees from the roadway was at all times contemplated by the defendant Pacific county, and the methods so used were sanctioned by Pacific county and its county engineer; that the methods and manner of the defendant Tillotson in constructing said state aid road No. 5 were the usual and customary methods of doing said work and were so known to be to the defendant Pacific county at the time the contract was entered into with the said Zindorf & Elliott, and at all the times during the progress of the said work, and was acquiesced in by the said defendant Pacific county, its officers, agents, and employees, who at all the times during the progress of said work had knowledge of the methods and means whereby said contract was being completed.

"That in the month of August, 1911, the plaintiff warned the defendant Tillotson and the defendant Pacific county, and the county engineer of Pacific county, Washington, that the manner in which the defendant Pacific county and the defendant Tillotson were prosecuting the work on the highway herein described was damaging the property of the plaintiff, and endangering the operation of its trains. That notwithstanding such warning, the defendants continued with the work of construction in the same manner, which construction work resulted in the damages hereinbefore set forth. That said damages were caused wholly by the manner in which the defendant Tillotson constructed said highway, and was done with the knowledge and consent of the defendant Pacific county, its officers, agents, and employees."

The trial court was of the opinion that the contract entered into between Pacific county and Zindorf & Elliott, and the subcontract let to the defendant Tillotson, constituted the defendant Tillotson an independent contractor. We have no doubt that the contract entered into between Pacific county and Zindorf & Elliott, upon its face constituted Zindorf & Elliott and the subcontractors independent contractors. The rule is well settled that the principal is not liable

for the acts of an independent contractor unless the character of the work to be performed is inherently and intrinsically dangerous. The rule is well settled in *North Bend Lumber Co. v. Chicago, M. & P. S. R. Co.*, 76 Wash. 232, 135 Pac. 1017, where, after considering many cases, we stated the rule as follows:

"A contractor to be independent must exercise an independent employment. He must be at liberty to perform the work he undertakes in his own way, at his own time within the limits of the time fixed in the contract, and by such means as to him seems most suitable. This does not mean, of course, that the contract itself may not prescribe that the work shall be performed in a particular manner, or that certain parts of it must be completed within a time less than the time fixed for the completion of the whole, or that certain means shall be employed in the accomplishment of the work, but it means that control over these matters must not be left to the whim or caprice of the employer, or his representative, to be exercised as the work progresses. If such right of control is retained, if the employer reserves to himself, or to his representative the right to control at his pleasure the manner and means by which the work contracted for is to be accomplished, if the employer may stand by and tell the person undertaking the work, where, when and how it shall be performed, such person is the agent and servant of the employer, and not an independent contractor. The employer may reserve to himself the right to judge of the result of the work, and may exercise this right as to the character of the work or as to the character of the materials used while the work progresses without destroying the independent nature of the contract, but matters of this kind mark the limits of his rights; they must relate to results, and not as to the means by which the results are accomplished."

In *Freebury v. Chicago, M. & P. S. R. Co.*, 77 Wash. 464, 137 Pac. 1044, we stated:

"But this general rule is subject to well settled exceptions. One of these is that, where the work to be done is inherently or intrinsically dangerous in itself, and will necessarily or probably result in injury to third persons unless measures are adopted by which such consequences may be prevented,

an employer cannot evade responsibility by entering into an independent contract with another person for the doing of the work.   In *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310, it is said:

" 'Where the work is inherently or intrinsically dangerous in itself and will necessarily or probably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work.' "

And in *Schade Brewing Co. v. Chicago, M. & P. S. R. Co.*, 79 Wash. 651, 140 Pac. 897, we again considered the rule first above quoted.

If we were to consider only the terms of the contract entered into between Pacific county and Zindorf & Elliott, we would be constrained to hold that the contract upon its face constituted the contractors independent contractors, for, under the terms of the contract, the contractors were authorized to perform the work in their own way without interference on the part of the county or the county engineer, except as to the result of the work.   The eighteenth paragraph of the specifications, attached to and made a part of the contract, provides:

"If any work or service be required to be done which in the opinion of the engineer does not come within the class of work to be measured under the contract, he shall be at liberty to direct the contractor to perform the same by day's labor, and the contractor when required by him shall furnish such force and materials and perform such work in the manner directed, and he shall be paid the reasonable and actual wages of the men as ascertained by the time keeper and the actual value of all materials furnished, together with ten per cent of the total amount for the use of tools and profit.   The engineer shall be at liberty to discharge any inefficient or unsuitable workman who shall be placed on such work, and the work so performed shall be subject to his approval before payment is made therefor."

But this provision of the contract relates only to the work specified in that paragraph.   It does not apply generally to

the whole work under the contract. We are satisfied, therefore, that if we may look only to the terms of the contract entered into between Pacific county and the original or subcontractor, that these contractors are independent contractors for whose negligence the county would not be liable. But as we have seen above, the complaint alleges that the work to be done by the subcontractor "was inherently and intrinsically dangerous in and of itself and would necessarily result in damaging the plaintiff's right of way, railway tracks, and telegraph wires; . . . that the employer, Pacific county, at all times during the construction of said highway, controlled the manner of doing the work." It is apparent that these allegations of the complaint, which, for the purposes of the general demurrer must be taken as true, bring the case within the rule where the employer reserves to himself, or to his representative, the right to control the manner and means of doing the work. The person employed by him is his servant, and not an independent contractor. We are satisfied under the rule stated that this case is not controlled by *Campbell v. Jones*, 60 Wash. 265, 110 Pac. 1083, but is controlled by *North Bend Lumber Co. v. Chicago, M. & P. S. R. Co.*, and the subsequent cases herein cited, *supra;* and the complaint states a cause of action against Pacific county.

The judgment of the trial court must therefore be reversed, and the cause remanded for further proceedings.

MORRIS, C. J., PARKER, ELLIS, and CHADWICK, JJ., concur.