[No. 16012.  Department One.  November 23, 1920.]

H. F. DEWEESE, *Respondent*, v. CHARLES C. MOORE & COMPANY, *Appellant.*[1]

SALES (6)—PARTIES LIABLE—AGENT OR INDEPENDENT CONTRACTOR—EVIDENCE—SUFFICIENCY. Findings that electric fixtures were sold to defendant as an independent contractor, and not as an agent of the Emergency Fleet Corporation, are sustained where it appears that defendant was in fact an independent contractor who was to pay for the materials supplied the fleet corporation, upon delivery of the bills therefor, and was to be reimbursed by the government with ten per cent of the cost added.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 31, 1920, upon the verdict of a jury rendered in favor the plaintiff, in an action on contract. Affirmed.

*Kerr & McCord,* for appellant.

*A. O. Burmeister* and *Frank H. Kelley,* for respondent.

PARKER, J.—The plaintiff, Deweese, doing business under the name of the Northwest Electric Company, seeks recovery from the defendant, Charles C. Moore & Company, of the sum of $1,971.94, as the balance due upon the sale price of seven hundred and seventy electric switches alleged to have been furnished and sold by him to that company at its instance and request. A trial in the superior court sitting with a jury resulted in verdict and judgment awarding the plaintiff recovery as prayed for, from which the defendant has appealed to this court.

At the time respondent received the order from and furnished to the appellant the switches in question, appellant had a contract with the Emergency Fleet Corporation, representing the government, to equip a num-

[1]Reported in 193 Pac. 702.

ber of new ships with necessary machinery and appliances. In July, 1918, respondent entered into an agreement with appellant by which he was to furnish and install certain specified electric fixtures, including switches of the kind here in question, as might be necessary for the equipping of the ships with machinery and appliances under its contract with the Emergency Fleet Corporation. The work was to be done as specified by the government. It was agreed that appellant should pay to respondent for the furnishing and installing of the electric fixtures the cost of such fixtures and work to him, and ten per cent thereon additional. Respondent claims that, shortly thereafter, appellant's master mechanic, Mr. McDonald, directed him to furnish seven hundred and seventy switches of the kind here in question for installing in the ships which were being and to be equipped by appellant, McDonald stating to respondent that that number would be required for that purpose. Thereupon respondent purchased seven hundred and seventy switches, which he had ready for delivery and installation in due time. Shortly thereafter, and when only seventy of the switches had been installed, the armistice occurred and resulted in the suspension of construction work by the Emergency Fleet Corporation. The question of fact in issue and decided by the jury in respondent's favor upon the trial was as to whether or not appellant had ordered the seven hundred and seventy switches as claimed by respondent. The evidence is in conflict upon this question, but is ample, we think, to support the conclusion that the switches were ordered by appellant through its master mechanic, Mr. McDonald, who had authority to represent appellant in that behalf. The switches were delivered to appellant by respondent, appellant now claiming, however,

that it received them merely as agent of the Emergency Fleet Corporation.

The main contention here made in appellant's behalf is that the trial court erred in denying the motion, timely made, challenging the sufficiency of the evidence to entitle respondent to any recovery. The argument is that all that appellant did with reference to the ordering and receiving of the switches from respondent was done by it only as agent of the Emergency Fleet Corporation, and that respondent knew at all times that appellant was acting in the matter only as such agent; the theory of counsel being that this results in respondent having no legal claim against appellant as purchaser of the switches, but that respondent must look to the Emergency Fleet Corporation. Appellant's counsel do not argue or seek to demonstrate that appellant was acting as agent for the Emergency Fleet Corporation, but simply assume such agency to exist, from which they argue that its legal effect is to absolve appellant from personal liability. This we think is an erroneous assumption. As we read the record it shows that appellant was not an agent of the Emergency Fleet Corporation, but was an independent contractor with reference to. the furnishing of the equipment under its contract with the Emergency Fleet Corporation. Indeed, the following statement of the relation between appellant and the Emergency Fleet Corporation, found in its counsel's brief, seems to us to show that appellant was an independent contractor with reference to its relation with the Emergency Fleet Corporation. Counsel says:

"It is undisputed in the record that the Fleet Corporation was to furnish all of the materials that were required in the installation of the hulls in question, that requisitions would be furnished by the government for the different equipment that was purchased,

that the bills for the same would be delivered to the appellant, the appellant would pay for the same, adding ten per cent (10%) to the cost thereof and would furnish the government a statement of such costs and the government would reimburse the appellant."

It seems equally plain to us that respondent's relation to appellant with reference to the electric fixtures to be furnished and installed by him was of the same nature. It seems to us that it might well be decided, as a matter of law, that appellant was an independent contractor as to what it was to do for the Emergency Fleet Corporation, and that respondent was an independent contractor as to what he was to do for appellant. *Campbell v. Jones,* 60 Wash. 265, 110 Pac. 1083. In any event, the jury was fully warranted by the evidence in concluding that the switches were sold and delivered by respondent to appellant, the latter acting for itself and not as agent for the Emergency Fleet Corporation.

Other claims of error in the rulings of the trial court we regard without substantial merit.

We are quite convinced that appellant has had a fair trial and that the award made by the jury is well supported by the evidence. The judgment is affirmed.

MACKINTOSH, FULLERTON, MOUNT, and BRIDGES, JJ., concur.