# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| CLARENCE T. MCDONALD and SUSAN MCDONALD, husband and wife, | ) ) ) ) | No. 69916-4-I |
| Appellants, | ) ) ) | |
| v. | ) ) ) | |
| COVE TO CLOVER, a Washington nonprofit corporation, | ) ) ) | ORDER GRANTING MOTION TO PUBLISH |
| Respondent. | ) ) ) | |

Respondent Cove to Clover has filed a motion to publish the court's opinion entered January 13, 2014. At the court's request, the appellants filed an answer to the motion. After due consideration, the panel has determined that the motion should be granted. Now therefore, it is hereby

ORDERED that respondent's motion to publish the opinion is granted.

Done this 19th day of March, 2014.

FOR THE PANEL:

_Verellen J._

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| CLARENCE T. MCDONALD and SUSAN MCDONALD, husband and wife, | ) ) ) ) | No. 69916-4-I |
| Appellants, | ) ) ) | |
| v. | ) ) ) | |
| COVE TO CLOVER, a Washington nonprofit corporation, | ) ) ) | PUBLISHED OPINION |
| Respondent. | ) ) ) ) | FILED: January 13, 2014 |

VERELLEN, J. — Clarence McDonald slipped and fell on wet grass at an outdoor

festival. He and his wife Susan McDonald appeal the trial court's summary judgment

dismissing his premises liability claim and her related loss of consortium claim. The

festival organizer, Cove to Clover, had no duty to warn of or remedy the obvious risk

posed by wet grass because it had no reason to anticipate that McDonald would fail to

protect himself from the risk. We affirm.

FACTS

On Saturday, March 12, 2011, McDonald attended the Cove to Clover Celtic

Festival at the Burien Town Square. The town square is outdoors, and consists of

concrete sidewalks and a concrete stage plaza, surrounding landscaped areas and

small lawns. Festival organizers added temporary tents to create beer gardens and

vendor booths.

McDonald volunteered to work at an information booth to promote an upcoming event. Upon arriving, he observed that it had rained and the ground was damp. He walked over dirt, grass, asphalt and concrete on his way to his group's booth. He stayed at the booth until sometime between noon and 1:00 p.m.

After leaving the booth, McDonald walked over asphalt and a concrete sidewalk to reach the concrete area surrounding the performance stage. He sat on a chair in the front row for about 10 to 20 minutes, until a little before 1:00 p.m. He then stood up and walked towards the parking lot to get his camera, which he thought he had left in his car. Leaving the stage area, he first walked on concrete, and then took a shortcut across the adjoining lawn. The grass area he walked across had a two to four degree slope. The grass was wet.

McDonald crossed over the entire lawn and was on a sidewalk halfway to the parking lot when he realized he had left his camera at home. He then turned around to walk back to the stage area by the same route he had just taken. While walking back across the lawn, McDonald slipped and fell on the wet grass.

Shortly before McDonald fell, Ron Bickle, another attendee, slipped on a steep slope on a different portion of the lawn. Bickle warned Cove to Clover personnel that the grass was slippery on the steep section where he fell. Festival staff placed cones and tape in front of the steep area where Bickle fell.

McDonald sued Cove to Clover, alleging that it breached its duty of care by failing to inspect the premises to discover dangerous conditions, failing to warn of dangerous conditions, and failing to ensure the safety of its invitees. McDonald's wife

asserted a related loss of consortium claim. Cove to Clover argued that it had no duty, in these circumstances, to warn of the obvious risk posed by the wet grass.

The trial court granted Cove to Clover's motion for summary judgment and dismissed the McDonalds' claims.

The McDonalds appeal.

## ANALYSIS

An appellate court reviews a superior court's summary judgment order de novo.[1] Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.[2] "A material fact is one upon which the outcome of the litigation depends in whole or in part."[3]

McDonald contends that the trial court erred in dismissing his claim because Cove to Clover had a duty to protect and warn invitees against the perils of the wet grass despite the obviousness of the danger, and because factual questions exist as to whether McDonald acted reasonably in encountering the risk. Neither argument is persuasive.

The critical inquiry in this appeal is the scope of Cove to Clover's duty to invitees. Our Supreme Court defined the scope of this duty in Iwai v. State, adopting the

---

[1] Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 517, 210 P.3d 318 (2009).

[2] CR 56(c).

[3] Atherton Condo. Apartment–Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

*Restatement (Second) of Torts* §§ 343 and 343A (1965).[4] *Restatement (Second) of Torts* § 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343A states:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

In Iwai, the plaintiff slipped and fell on snow or ice in the defendant's parking lot. The plaintiff knew that the ground was icy and covered by a small amount of snow.[5] The defendant had received complaints about the parking lot, and that it was not unusual for cars to slide on the strip of pavement where the plaintiff fell.[6] Applying the *Restatement* §§ 343 and 343A standards, the Iwai court held that an invitee's awareness of a particular dangerous condition does not necessarily preclude landowner liability.[7]

---

[4] Iwai v. State, 129 Wn.2d 84, 915 P.2d 1089 (1996).

[5] Id. at 87.

[6] Id. at 88-89.

[7] Id. at 94.

McDonald relies heavily upon <u>Mucsi v. Graoch Associates Limited Partnership No. 12</u>, where the Supreme Court again applied the *Restatement* §§ 343 and 343A standards and clarified that Washington law "places a duty of reasonable care on a landowner for a known risk *if the owner should expect that the tenants will fail to protect themselves against it.*"[8] McDonald does not establish that the circumstances here are analogous to those in <u>Mucsi</u>. The <u>Mucsi</u> plaintiff fell on ice outside of an apartment complex clubhouse exit.[9] Although the main entrance to the clubhouse had been cleared of ice and snow, the side exit where the plaintiff fell had not.[10] The <u>Mucsi</u> court held that summary judgment was not proper because the evidence supported an inference invitees might choose to use "all of the exits" to the clubhouse, despite knowing of the risks posed by snow and ice, and the landowner "had actual knowledge that accumulations of snow and ice persisted on the walkways from those exits."[11]

Here, McDonald knew the grass where he slipped was wet, having traversed the same grass going the opposite direction immediately before his fall. McDonald testified in his deposition that he walked across the wet grass all the way to a concrete sidewalk before walking back over the same grass minutes later, even though this was not the only route open to him. He was well aware of the risk posed by the wet grass where he fell. McDonald testified that he had previously encountered wet grassy areas similar to where he fell. McDonald's choice to walk across wet grass rather than on a concrete

---

[8] <u>Mucsi v. Graoch Assoc. Ltd. P'ship No. 12</u>, 144 Wn.2d 847, 862, 31 P.3d 684 (2001) (emphasis added).

[9] <u>Id.</u> 851.

[10] <u>Id.</u> at 851-52.

[11] <u>Id.</u> at 862.

sidewalk or asphalt is not equivalent to the Mucsi plaintiff's choice to leave a community-maintained clubhouse through a marked exit.

McDonald does not establish that Cove to Clover should have expected that invitees would fail to protect themselves against the obvious dangers posed by the wet grass where he fell. McDonald argues that disputed facts exist regarding crowd size, the amount of rain, and the layout of the festival tents. But even viewing all of these facts in the light most favorable to McDonald, he does not establish that the sidewalks were impassible or inaccessible, or that Cove to Clover had reason to foresee that a festival attendee would fail to protect themselves from risks posed by the wet grass on the slight slope where he fell. As acknowledged by McDonald at oral argument, no published case in Washington or elsewhere has held that wet grass is a dangerous condition that a landlord should expect an invitee to fail to protect themselves against. McDonald's claim was properly dismissed.[12]

Affirmed.

WE CONCUR:

_Leach, C.J._

_Spearman_

---

[12] Because Mr. McDonald's claim was properly dismissed, Ms. McDonald's loss of consortium claim necessarily fails as well.