Renee S. Townsley
Clerk/Administrator

(509) 456-3082
TDD #1-800-833-6388

# The Court of Appeals
## of the
## State of Washington
### Division III



500 N Cedar ST
Spokane, WA 99201-1905

Fax (509) 456-4288
http://www.courts.wa.gov/courts

September 3, 2015

David N. Gasch
Gasch Law Office
PO Box 30339
Spokane, WA 99223-3005
gaschlaw@msn.com

E-mail
Jodi Marie Hammond
Kittitas County Prosecuting Attorney
205 W 5th Ave Ste 213
Ellensburg, WA 98926-2887

CASE # 320341
State of Washington v. Quovadia Crece Lloyd
KITTITAS COUNTY SUPERIOR COURT No. 131001992

Counsel:

Enclosed please find a copy of the opinion filed by the Court today.

A party need not file a motion for reconsideration as a prerequisite to discretionary review by the Supreme Court.   RAP 13.3(b); 13.4(a).   If a motion for reconsideration is filed, it should state with particularity the points of law or fact which the moving party contends the court has overlooked or misapprehended, together with a brief argument on the points raised.   RAP 12.4(c).   Motions for reconsideration which merely reargue the case should not be filed.

Motions for reconsideration, if any, must be filed within twenty (20) days after the filing of the opinion.   Please file an original and two copies of the motion.   If no motion for reconsideration is filed, any petition for review to the Supreme Court must be filed in this court within thirty (30) days after the filing of this opinion (may be filed by electronic facsimile transmission).   The motion for reconsideration and petition for review must be received (not mailed) on or before the dates they are due.   RAP 18.5(c).

Sincerely,

Renee S. Townsley
Clerk/Administrator

RST:jab
Enc.

c:      **E-mail**—Hon. Scott R. Sparks

c:      Quovadia Crece Lloyd
        3571 Caribou Road
        Kittitas, WA 98934

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32034-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUOVADIA CRECE LLOYD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — In sentencing Quovadia Lloyd for her conviction of two counts of bribing a witness, the court ordered her to pay a total of $650 in mandatory and discretionary legal financial obligations (LFOs). For the first time on appeal, Ms. Lloyd argues that the record does not support the trial court's finding that she has the present or future ability to pay them. Because she failed to preserve any error, we decline to consider it. RAP 2.5(a). We affirm.

FACTS AND PROCEDURAL BACKGROUND

A jury found Quovadia Crece Lloyd guilty as charged of two counts of bribing a witness. At sentencing, Ms. Lloyd requested electronic home monitoring, presenting information to the court that she was employed four days a week by the Red Cross, was the sole support for herself and her three children, and would lose her job if incarcerated.

No. 32034-1-III
*State v. Lloyd*

The court sentenced Ms. Lloyd to nine months' confinement, authorizing electronic home monitoring for the first three months, assuming she qualified.

The judgment and sentence entered by the court included preprinted language indicating that it had considered the amount of Ms. Lloyd's LFOs and her present and future ability to pay them.[1] In addressing potential LFOs at sentencing, the court said,

> [W]e'll waive the court costs. I will waive the attorney fees. And—victim assessment,—DNA collection, (inaudible) booking fees (inaudible). The reason I'm doing that is because I'm aware of your financial circumstances—and—three children—both parents incarcerated. You don't have money.

Report of Proceedings at 16. The court imposed a total of $650 in LFOs, consisting of a $500 victim penalty assessment, a $100 DNA (deoxyribonucleic acid) sample fee, and a $50 booking fee. It ordered Ms. Lloyd to pay at least $100 a month toward her LFOs upon her release.

Ms. Lloyd appeals.

---

[1] The provision states:

**2.5 Legal Financial Obligations/Restitution.** The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160).

Clerk's Papers at 30.

2

ANALYSIS

Ms. Lloyd timely appealed the jury's guilty verdicts. Yet the only error assigned in her briefing to this court is to the court's finding that she has the current or future ability to pay the LFOs and its imposition of discretionary costs. She contends the court failed to take into account her present or future ability to pay, as required by RCW 10.01.160.

Evidence of ability to pay was unnecessary to support the mandatory financial obligations imposed by the court. The $500 victim assessment and $100 DNA collection fee are each required by statute, irrespective of the defendant's ability to pay. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (noting that, for these costs, "the legislature has directed expressly that a defendant's ability to pay should not be taken into account"); RCW 7.68.035(1)(a); RCW 43.43.7541.

The only cost imposed that was subject to challenge for inability to pay is the $50 booking fee. Where Ms. Lloyd's employment and family situation were before the court, it ordered a period of partial confinement because of them, and it stated that it would not impose court costs or attorney fees because of her financial situation, the argument that the court did not consider her ability to pay is dubious at best.

In any event, Ms. Lloyd made no objection at the sentencing hearing to imposition of the $50 booking fee and thereby failed to preserve a claim of error. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680, (2015); *State v. Duncan*, 180 Wn. App.

3

No. 32034-1-III
*State v. Lloyd*

245, 253, 327 P.3d 699 (2014) *review granted,* ____ P.3d ____ (2015). While we enjoy discretion to make an exception to the general requirement of error preservation, our Supreme Court chose to adopt a "strict approach" with RAP 2.5(a) "because trial counsel's failure to object to the error robs the court of the opportunity to correct the error and avoid a retrial" or, as in this case, avoid a resentencing. *State v. Powell,* 166 Wn.2d 73, 82, 206 P.3d 321 (2009).

We will not consider the issue for the first time on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

I CONCUR:

Lawrence-Berrey, .J.

4

No. 32034-1-III

FEARING, J. — (Concurring) Because of the small amount of mandatory legal financial obligations imposed, I concur in declining Quovadia Lloyd's challenge to legal financial obligations. The trial court imposed only $50 in discretionary costs.

I write separately because the majority's opinion could be read to mean that this court will never review challenges to legal financial obligations when the defendant fails to object to the obligations before the trial court. RAP 2.5(a) and *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680, 683 (2015) grant this court discretion to review challenges to legal financial obligations despite the failure to assert a challenge before the trial court. When the trial court imposes a high amount of mandatory legal financial obligations, this court should review the trial court order.

The majority cites this court's decision in *State v. Duncan*, 180 Wn. App. 245, 327 P.3d 699 (2014), *review granted*, __ P.3d __ (2015) with the Supreme Court's decision of *State v. Blazina* as if the two decisions are consistent. They are not.

In *State v. Duncan*, we uttered the following remarks: "'The State's burden for establishing whether a defendant has the present or likely future ability to pay discretionary legal financial obligations is a low one.'" 180 Wn. App. at 250 (quoting, *State v. Lundy*, 176 Wn. App. 96, 106, 308 P.3d 755 (2013). "[A] single reference in a presentence report to the defendant describing himself as 'employable'" is sufficient for imposing discretionary legal financial obligations. *State v. Duncan*, 180 Wn. App. at 250 (quoting *State v. Lundy*, 176 Wn. App. at 106). A "'trial court is prohibited from imposing legal financial obligations only when it appears from the record that there is no likelihood that the defendant's indigency will end.'" *State v. Duncan*, 180 Wn. App. at 250 (quoting *State v. Lundy*, 176 Wn. App. at 99).

The Washington Supreme Court's *Blazina* opinion diverges from these three principles we announced or repeated in *Duncan*. *Blazina* directs the superior court to conduct a detailed probe into the defendant's ability to pay costs. The *Blazina* court wrote:

> Practically speaking, this imperative under RCW 10.01.160(3) means that the court must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay. Within this inquiry, the court must also consider important factors, as amici suggest, such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay.

182 Wn.2d at 838.

Some of this court's decisions before *Blazina* held that an order imposing legal

2

financial obligations was not ripe for review until the State sought to collect the judgment for legal financial obligations. This rule contrasted with the principle that a judgment debtor in a civil case could appeal the judgment before the judgment creditor took collection actions. We noted, in *State v. Duncan*, that this court had denied review on ripeness grounds on other occasions. We did not hold in *Duncan* that an order imposing legal financial obligations was not ripe for review, but we did not expressly disclaim ripeness as a ground for denying review.

In *State v. Blazina*, our high court rejected the State's argument that the legitimacy of a legal financial obligation order is not ripe for review until the State begins collection activity. The high court reviewed the three criteria for ripeness. The court reasoned that a challenge to legal financial obligations meets the criteria since the challenge is primarily legal, does not require further factual development, and the challenged action is final. 182 Wn.2d at 832 n.1. The *Blazina* court noted reasons for review before collection activities. A judgment for legal financial obligations accrues interest at a high rate, employment and housing background checks show an active record in the superior court, and the judgment impairs the obligor's credit. In short, pending legal financial obligations increase the difficulty of a defendant in reentering society.

*Duncan* could be read as establishing a practice of rarely, if ever, reviewing a challenge to legal financial obligations for the first time on appeal. Because of the negative consequences of outstanding legal financial obligations on a released defendant, I hope any such practice changes. Review of an unpreserved legal financial obligations

3

argument is sometimes appropriate.

RCW 10.01.160(3) provides:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

The statute does not require the defendant to prove anything. Rather, the statute prevents the court from imposing costs in the form of mandatory legal financial obligations unless the defendant is or will be able to pay them. The statute rests the burden of evidentiary production on the State.

Trial courts sometimes order a defendant to pay several thousands of dollars of discretionary legal financial obligations despite the lack of any evidence that the defendant will have the ability to pay the obligations. This court previously avoided correcting these obvious errors on the theory that the defendant implicitly waived the issue. The purported rationale for finding implied waiver is that a defendant has an incentive not to raise the question of her ability to pay because she wishes the judge at sentencing to view her as a beneficial member of the community. *See, e.g., State v. Duncan*, 180 Wn. App. at 250-51. No evidence supports this rationale, however. This court has never reviewed any testimony or heard any argument from any party buttressing this theory. For all we know, the amount of legal financial obligations is a subject never considered when the trial court signs a lengthy judgment and sentence form. The supposition also misses the thrust of the statute. For costs to be imposed, the

4

trial court must receive evidence that the defendant has or will have the ability to pay.

Fearing, J.

I CONCUR:

Lawrence-Berrey, J.