## NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KRISTEN EYLANDER, as the Personal Representative of the Estate of Jeffry Eylander, deceased, | ) ) ) ) | No. 82834-7-I |
| Appellant, | ) ) | |
| v. | ) ) ) | |
| PROLOGIS TARGETED U.S. LOGISTICS FUND, f/k/a AMB U.S. LOGISTICS FUND, LP, a Delaware limited partnership, and PROLOGIS MANAGEMENT, LLC, a Delaware limited liability corporation, | ) ) ) ) ) ) ) ) | PUBLISHED OPINION |
| Respondents. | ) ) ) | |

VERELLEN, J. — A possessor of land can have a duty to maintain safe premises for the benefit of invitees, including the employee of an independent contractor hired by the possessor to perform work on the premises. And when such a duty exists, the possessor can satisfy it by exercising reasonable care in delegating to the independent contractor its duty to guard against known or obvious dangers. Here, landowner and possessor Prologis Management LLC made a reasonable delegation of its duty to a competent and experienced independent contractor, Commercial Industrial Roofing, Inc. (CIR). Because Prologis did not breach its duty to CIR's employee, the trial court did not err by granting summary judgment for Prologis.

No. 82834-7-I/2

Therefore, we affirm.

FACTS

Prologis owns and manages dozens of storage facilities around Western Washington. Prologis relied upon independent contractors to inspect, clean, and maintain its facilities. One contractor it relied upon was CIR, and they entered an ongoing master contract in 2015.

In May of 2017, Prologis hired CIR to clean the roof of a cold-storage warehouse in Fife. A few weeks later, on June 6, a crew of CIR employees was sweeping the warehouse roof. Jeffry Eylander was part of that crew. The warehouse had almost 100 skylights in its 126,000 square foot roof. Most, if not all, of the skylights were neither fall-resistant nor guarded against falls, and both CIR and Eylander knew of the risk of severe injury from falling on a skylight.

No one in the crew was wearing a safety harness as part of a fall protection system because it would have required an elaborate temporary system or numerous roof anchors to be installed across the roof. Instead, CIR chose to use a "safety monitor system," whereby a coworker would watch the others work and warn them of hazards.[1] Eylander tripped and fell onto a skylight, broke through it, and fell 30 feet to his death. It is undisputed that Prologis did not guard that skylight to prevent falls. It is also undisputed that CIR chose "an inappropriate fall protection system."[2]

---

[1] Clerk's Papers at 55, 208.

[2] CP at 229.

2

No. 82834-7-I/3

In September of 2019, Eylander's estate filed a premises liability claim against Prologis, arguing Eylander was Prologis's invitee and it breached its duty to remediate risks from the skylights. Prologis filed a summary judgment motion and argued it had no duty to Eylander as an invitee. The trial court agreed with Prologis and granted summary judgment, dismissing the estate's claims with prejudice. The estate filed a motion for reconsideration, and the court denied it.

The estate appeals.

ANALYSIS

We review a summary judgment order de novo from the same position as the trial court.[3] We view the facts in a light most favorable to the nonmoving party.[4] Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[5] We can affirm a grant of summary judgment on any basis supported by the record.[6]

"'A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a

---

[3] Afoa v. Port of Seattle, 176 Wn.2d 460, 466, 296 P.3d 800 (2013) (Afoa I) (citing City of Sequim v. Malkasian, 157 Wn.2d 251, 261, 138 P.3d 943 (2006)).

[4] Kamla v. Space Needle Corp., 147 Wn.2d 114, 126, 52 P.3d 472 (2002) (citing Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995)).

[5] Afoa I, 176 Wn.2d at 466 (citing Malkasian, 157 Wn.2d at 261).

[6] Johnson v. Liquor & Cannabis Bd., 197 Wn.2d 605, 611, 486 P.3d 125 (2021) (quoting Washburn v. City of Federal Way, 178 Wn.2d 732, 753 n.9, 310 P.3d 1275 (2013)).

3

No. 82834-7-I/4

proximate cause between the breach and the injury.'"[7]  Eylander concedes

Prologis did not have a statutory duty to him[8] and does not argue Prologis had a

common law duty based upon retained control over his work.[9]  Thus, our analysis

is limited to Prologis's alleged liability under the common law from its status as a

possessor of land.

It is well established that employees of an independent contractor qualify as

invitees on the possessor's premises,[10] and, generally, an invitee is "'entitled to

expect'" the possessor will "'exercise reasonable care'" to make its premises

safe.[11]  The parties do not dispute that Eylander qualified as an invitee because

Prologis hired CIR to maintain its warehouse.[12]

To evaluate whether a possessor can be liable for an injury to an invitee

due to a danger on its premises, Washington has adopted sections 343 and 343A

of the Restatement (Second) of Torts.[13]  Section 343 provides the general rule for

---

[7] Id. (quoting Tincani v. Inland Empire Zoological Soc., 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994)).

[8] Reply Br. at 27.

[9] Appellant's Br. at 58 (arguing the estate "need not establish that [Prologis] retained control of [CIR's] work to establish [Prologis's] premises liability").

[10] Kamla, 147 Wn.2d at 125 (citing Epperly v. City of Seattle, 65 Wn.2d 777, 786, 399 P.2d 591 (1965); Meyers v. Synd. Heat & Power Co., 47 Wash. 48, 51, 91 P. 549 (1907)).

[11] Tincani, 124 Wn.2d at 138-39 (quoting Restatement (Second) of Torts § 343 cmt. b (1965)).

[12] Kamla, 147 Wn.2d at 125 (citing Epperly, 65 Wn.2d at 786; Meyers, 47 Wash. at 51).

[13] Id. (citing Iwai v. State, 129 Wn.2d 84, 93, 915 P.2d 1089 (1996)).

4

a hidden or latent danger, and section 343A applies when a condition on the premises is a known or obvious danger. When, as here, a condition presents a known or obvious danger, the possessor has a duty to act when it "'should anticipate the harm despite such knowledge or obviousness.'"[14]

On summary judgment, cases involving an obvious danger can be decided by the nonexistence of a duty.[15] Both at summary judgment and in their briefing to this court, the parties primarily contested whether Prologis owed Eylander a duty of reasonable care as an invitee. But Prologis conceded at oral argument that it had a landowner's duty to Eylander to remediate risks from a known or obvious danger.[16] We accept this concession. Consistent with section 343A, Prologis should have anticipated Eylander would not feel free to disregard his employer's

---

[14] Kinney v. Space Needle Corp., 121 Wn. App. 242, 250, 85 P.3d 918 (2004) (quoting Restatement (Second) of Torts, § 343A(1)). A condition is "known" when the landowner and invitee are aware of it, recognize that it is dangerous, and appreciate "the gravity and probability of the threatened harm." Restatement (Second) of Torts § 343A cmt. b. A condition is "obvious" to an invitee and a possessor when "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Id. The parties do not dispute that the unguarded skylights presented a known or obvious danger.

[15] E.g., Kamla, 147 Wn.2d at 124-27 (holding a landowner was not liable to an invitee because it had no duty to prevent the specific injury caused by an obvious danger when it should not have anticipated that type of injury); McDonald v. Cove to Clover, 180 Wn. App. 1, 6, 321 P.3d 259 (2014) (holding summary judgment was properly granted where the possessor could not anticipate and, thus, had no duty to protect against harm caused by an invitee's unnecessary decision to encounter an obvious danger).

[16] Wash. Court of Appeals oral argument, Eylander v. Prologis Targeted U.S. Logistics Fund, No. 82834-7-I, at 9 min., 55 sec. through 10 min. 20 sec., http://www.tvw.org/watch/?clientID=9375922947&eventID=2022061049&startStreamAt=595&stopStreamAt=620.

decision to accept the roof cleaning job despite the known and obvious danger presented by the deficient and unguarded skylights.[17] And the type of injury Eylander suffered—death from falling through a skylight—was foreseeable and should have been anticipated. Rather than the existence of a duty, the critical question is whether Prologis exercised reasonable care in satisfying its duty.

Once a possessor has a duty to act, it must remediate the risk of harm by taking steps "'as may be reasonably necessary for [the invitee's] protection under the circumstances.'"[18]

Depending upon the circumstances, multiple layers of nuance govern a possessor's potential liability to an invitee from an alleged breach of its duties.[19] Under these circumstances, our consideration is limited to common law premises liability of the possessor to an employee of an independent contractor for an injury

---

[17] See Restatement (Second) of Torts § 343A cmt. f (explaining a possessor of land should anticipate a harm from a danger despite its obviousness when, for example, "the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk").

[18] Tincani, 124 Wn.2d at 139 (alteration in original) (quoting Restatement (Second) of Torts § 343 cmt. b).

[19] For example, an invitee's relationship to the possessor affects what a possessor must do to fulfill its duties. A possessor has different duties to a customer-invitee from those owed to an invitee who is the employee of an independent contractor. Compare Nivens v. 7-11 Hoagy's Corner, 133 Wn.2d 192, 202 n.2, 943 P.2d 286 (1997) (concluding "a special relationship," like that of a common carrier or innkeeper to a patron, exists between a retail business and its customer-invitees), with Arnold v. Saberhagen Holdings, Inc., 157 Wn. App. 649, 663, 240 P.3d 162 (2010) (with exceptions, "[a]n employer of an independent contractor is generally not liable for injuries to the independent contractor's employee") (citing Kelley v. Howard S. Wright Constr. Co., 90 Wn.2d 323, 330, 582 P.2d 500 (1978)).

No. 82834-7-I/7

caused by an obvious danger that was created by the landowner. This is distinct from liability based upon a statute or the possessor's retained right of control.

Generally, a possessor is not liable when an independent contractor's negligence injures one of its own employees.[20] But the possessor can be liable when its own negligence causes an injury to the contractor's employee.[21] Thus, a possessor is not liable to the injured employee of an independent contractor when the possessor fulfilled its duty to the employee by exercising reasonable care in selecting a competent independent contractor with the proper experience and capacity to work in the presence of a known and obvious danger created by the possessor.[22]

---

[20] Epperly, 65 Wn.2d at 786 (citing Murk v. Aronsen, 57 Wn.2d 785, 359 P.2d 816 (1961); Campbell v. Jones, 60 Wash. 265, 110 P. 1083 (1910)).

[21] Id. (citing Murk, 57 Wn.2d 785; Campbell, 60 Wash. 265).

[22] See Tauscher v. Puget Sound Power & Light Co., 96 Wn.2d 274, 281-82, 287, 635 P.2d 426 (1981) (concluding a landowner's duty of care to an independent contractor's employee was delegable and the landowner remained liable only where it "retains control over the work place, is personally negligent, is negligent in hiring the independent contractor, or fails to warn of latent defects") (citing Welker v. Kennecott Copper Co., 1 Ariz. App. 395, 403 P.2d 330 (1965); Restatement (Second) of Torts § 343)); Millican v. N.A. Degerstrom, Inc., 177 Wn. App. 881, 890, 313 P.3d 1215 (2013) (generally, a possessor avoids liability for injuries caused by an independent contractor's negligence) (citing Stout v. Warren, 176 Wn.2d 263, 269, 290 P.3d 972 (2012); Restatement (Second) of Torts § 409 (1965)); W. PAGE KEETON, PROSSER AND KEETON ON TORTS § 71, at 510 (5th ed. 1984) (When a possessor has a duty to the employee of an independent contractor, "it is his duty to exercise reasonable care to select a competent, experienced, and careful contractor with the proper equipment, and to provide, in the contract or otherwise, for such precautions as reasonably appear to be called for.") (footnotes omitted).

7

Inherent in this general rule is that the possessor may choose to exercise reasonable care by contractually delegating its duty over to the competent and experienced independent contractor itself.[23] There are limited circumstances when a possessor's duty to an independent contract's employee is not delegable, such as when it retains the right to control the independent contractor's work.[24] Those circumstances are not present here.

The record reflects that Prologis exercised reasonable care in selecting CIR, a competent and experienced commercial roofing services contractor. We reach this conclusion by considering, first, the scope of the delegation—whether the delegation actually anticipated the harm and required the independent contractor's exercise of reasonable care—and, second, the identity of the delegate—whether it was reasonable for the landowner to conclude the independent contractor would perform the duty.[25]

---

[23] Millican, 177 Wn. App. at 890 (citing Stout, 176 Wn.2d at 269; Restatement (Second) of Torts § 409); see Tauscher, 96 Wn.2d at 287 (holding a landowner was not liable to an injured employee of an independent contractor because its duty was delegable and it hired the contractor to perform the work that injured the employee).

[24] See Afoa v. Port of Seattle, 191 Wn.2d 110, 121, 421 P.3d 903 (2018) (Afoa II) (possessor's duties are like an employer's nondelegable duties when it retains control) (citing Kamla, 147 Wn.2d at 123; Kelley, 90 Wn.2d at 334).

[25] See PROSSER AND KEETON ON TORTS § 71, at 510 (explaining a possessor's duty to hire a competent, experienced, and capable independent contractor using a contract that requires the proper care for the risks present); Restatement (Second) of Torts § 409 cmt. b (noting possessor remains liable for injuries to third parties caused by "[n]egligence of the employer in selecting, instructing, or supervising the contractor"); see also Restatement (Second) of Torts § 413 (1965) (recognizing similar concepts to address whether a principal is

Two contracts governed the relationship between Prologis and CIR: a master service agreement from 2015 and the roof cleaning contract from 2017.[26] In the master service agreement, CIR agreed to be "solely responsible for the health and safety of all persons providing the [s]ervices."[27] It also required that CIR "abide by all present and future laws, codes, ordinances, rules and regulations of federal, state, county or municipal governments having jurisdiction."[28] In the 2017 roof cleaning contract, CIR agreed to account for possible dangers on the roof by preparing and posting a safety plan before its employees accessed the roof. Taken together, Prologis required that CIR anticipate unsafe conditions on the roof and take lawful steps to remediate the risks to its employees. CIR accepted these terms. This shows an unambiguous delegation of Prologis's duty to maintain safe premises as to the roof and skylights.

Prologis reasonably concluded that CIR would fulfill this duty. CIR held itself out as a professional roofing company and had been a Prologis contractor for

---

vicariously liable for an independent contractor's injury to a third party from a peculiar risk of harm).

[26] The estate asserts that the master service agreement did not apply to the cleaning job because it "governed the performance of structural roofing work only." Reply Br. at 10. This is based upon a misreading of the master service agreement. The agreement expressly served as a "Master Contract," "providing the general terms and conditions for various services to be provided by [CIR]." CP at 140. Those services included "Structural and Roofing Services." CP at 141 (emphasis added). Because the master service agreement covers both structural and roofing services and the estate does not explain why cleaning a roof is not a roofing service, the master service agreement supplemented terms in the roof cleaning contract.

[27] CP at 142.

[28] Id.

two years before the cleaning job. Prologis had been "super happy with [its]

work."[29] Prologis's warehouse site manager explained she ensured CIR had its

own safety protocols in place, including compliance with all safety regulations.

And CIR represented to Prologis that it was capable of far more complex jobs by,

for example, bidding to repair and replace the skylights in the warehouse roof.

That bid also included a promise to create a site-specific safety plan.

Because the undisputed evidence shows Prologis exercised reasonable

care by selecting CIR and reasonably concluded that CIR would fulfill the duty

properly delegated to it,[30] the estate fails to establish a breach. There is no

genuine question of material fact whether Prologis satisfied its duty to Eylander.

Therefore, the trial court did not err by entering summary judgment for Prologis.[31]

Mihaila v. Troth, a recent decision by this court, recognized that, under very

different circumstances, a possessor could be liable for an injury to an

---

[29] CP at 282.

[30] To the extent the estate hints that Prologis breached because the terms or price of the cleaning contract inhibited CIR's ability to perform, we disagree. When an experienced and capable independent contractor like CIR negotiates a contract for services within its area of competence, a possessor must be able to rely on the contractor's representations about its ability to perform under the negotiated terms. Cf. Skagit State Bank v. Rasmussen, 109 Wn.2d 377, 384-85, 745 P.2d 37 (1987) (a party to a negotiation has no duty to investigate and can rely upon an assertion "where representations were made as to facts peculiarly within the speaker's knowledge") (citing Jenness v. Moses Lake Dev. Co., 39 Wn.2d 151, 234 P.2d 865 (1951)). If the independent contractor believes it cannot fulfill a requirement like employee safety, then that is an issue to be resolved in negotiating the price and terms of the agreement.

[31] See Johnson, 197 Wn.2d at 611 (summary judgment can be affirmed on any basis supported by the record) (quoting Washburn, 178 Wn.2d at 753 n.9).

independent contractor caused by an obvious risk because the solo independent contractor had no choice but to encounter the risk.[32] In Mihaila, the homeowners hired an individual independent contractor to repair their shed.[33] The contractor was injured by an obvious and unavoidable danger adjacent to the shed.[34] The court concluded there were genuine issues of material fact about whether the landowner should have anticipated the solo contractor would choose to keep the job despite the obvious danger.[35] Unlike the circumstances here, there was no question about fulfilling a duty through a reasonable delegation of safety concerns to an injured employee's employer because the injured solo contractor was not protected by an employer's common law duty to provide a safe place to work.[36] Thus, the questions of fact in Mihaila warranting a jury trial are not present here.

## CONCLUSION

We accept Prologis's concession that it had a landowner's duty of reasonable care to Eylander based upon his status as an invitee. Because this status originated from his job as the employee of an independent contractor, Prologis could fulfill its duty to Eylander by making a reasonable delegation to his

---

[32] 21 Wn. App. 2d 227, 236, 505 P.3d 163 (2022).

[33] Id. at 229-30.

[34] Id. at 230.

[35] Id. at 236-37.

[36] See Afoa I, 176 Wn.2d. at 475 ("At common law, a 'master' has a duty to its 'servant[s]' to maintain a reasonably safe place to work.") (alteration in original) (quoting Myers v. Little Church by the Side of The Road, 37 Wn.2d 897, 901-02, 227 P.2d 165 (1951)).

No. 82834-7-I/12

employer of its duty. Prologis did so. Because the estate does not establish any genuine issues of material fact, the trial court did not err by granting summary judgment for Prologis.

Therefore, we affirm.

_____
Verellen, J.

WE CONCUR:

_____    _____
Dwyer, J.                             Andrus, C.J.