## John Spry Lumber Co. v. Michael Duggan.

1. FELLOW-SERVANTS—*Where the Doctrine Does Not Apply.*—Where the duties of persons do not bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, the doctrine of fellow-servants does not apply.

2. SAME—*Duty Toward Persons on Premises by Invitation.*—Where a party, for the purpose of his own business, contracts with another to bring third persons upon his premises to perform service there, he thereby not only invites but contracts for the presence of such persons, and becomes obligated to exercise reasonable care for their safety while upon such premises.

3. VERDICT—*Impeachment of—Insufficient Showing.*—A verdict can not be impeached by producing a piece of paper found in the jury-room upon which was some unimportant writing by the foreman, and twelve different sums noted, the average amount of which was stated, and unsupported by anything which amounted to proof that the verdict had been reached by adding together the several amounts voted by the jurors, and then taking the average of such amounts.

Trespass on the Case, for personal injuries.    Trial in the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed March 16, 1899.

Appellant, engaged in a lumber business, was unloading a boatload of lumber upon a dock, which it owned and controlled. Two sets, or gangs, of men were employed in unloading the cargo, one set passing the lumber out from the vessel, and the other set receiving the lumber and piling it upon the dock. There is no dispute but that the set of men engaged upon the dock in receiving and piling the lumber were the yard men, in the regular employ of appellant. There is some dispute as to whether the set of men engaged in the work on the boat of passing the lumber out to the yard men on the dock, were in the employ of appellant or one Hunt. There was evidence tending to show that Hunt was an independent contractor, who had taken, by contract with appellant, the job of furnishing men to do the unloading on the boat at a fixed sum. Appellant had upon its

dock a water-closet which was for the use of the men engaged in work there.    Appellee was one of the set of men on the boat who were passing the lumber out to appellant's yard men.    He undertook to go from the boat to the water-closet, and in so doing followed the route from the boat to the closet which, from the evidence, would appear to have been the most direct of any safe route.    While on his way, in passing by one of the piles of lumber placed by the yard men, the pile of lumber fell upon him and injured him.    In this suit to recover damages for such injury, he was awarded a verdict for $1,000, upon which judgment was rendered. From that judgment the appeal here is prosecuted.

AMERICUS B. MELVILLE and F. J. CANTY, attorneys for appellant.

JOHN S. HUMMER and D. G. RAMSAY, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only question presented is as to the sufficiency of the evidence to sustain the verdict.    No complaint is made of any ruling in matters of procedure.    The instructions to the jury are not questioned, nor is it claimed that the verdict is excessive.    It can not be contended that from the evidence appellee could be held to have been guilty of any negligence on his part.    It is clear from the evidence that the course which he pursued in attempting to reach the closet was the only direct route which could be pursued by him and be safe.    To have taken a different course, as suggested by some of the witnesses, would have brought him in the way of the men who were handling the lumber, and would have exposed him to apparent danger.    Had he taken such course and been injured by the moving lumber, he would doubtless have been held to have been so far negligent in courting an apparent danger as to preclude any right to recover therefor.

There being no question as to the care exercised by appel-

lee for his own safety, we have to consider if negligence of appellant has been established as the proximate cause of the injury.   There is no conflict in the evidence as to the cause of the injury, and it may be said to be undisputed that it resulted from carelessness on the part of the yard men in forming the pile of lumber in question.

The only defense interposed by appellant is, in effect, that it is not answerable to appellee for such carelessness, and that the same can not be imputed to it as negligence in relation to appellee.   In support of the contention in this behalf, counsel for appellant argue:

1st.   That appellee was an employe of appellant and was injured by the negligence of a fellow-servant.

2d.   That appellee was an employe of appellant, and was injured through a risk which was an assumed hazard; and

3d.   That if appellee was an employe of Hunt, and not of appellant, then he was, in relation to appellant, a mere licensee, and there existed no duty on the part of appellant toward him, by disregard of which a charge of negligence and a right of action could here arise.

The application of the doctrine of negligence of a fellow-servant here contended for, must depend upon a showing, in the first place, that appellant was the common master, or employer, of appellee and the yard men, through whose carelessness he was injured.   But the evidence warranted the jury in finding that appellee was not an employe of appellant at all, but the employe of Hunt, an independent contractor.   And the jury so found both by general and special verdict.   Upon that finding there can be no application of the doctrine of a fellow-servant's negligence.   Appellee testified that he was in the employ of Hunt.   Four of the men who were engaged with appellee in the work on the boat, and whose employment was identical with that of appellee, testified that they were in the employ of Hunt. Hunt, who was called as a witness for appellant, testified: " My business is vessel unloading.   *   *   *   I had charge of unloading the boat.   I had the job to look after and un-

load the boat. I took the job in the spring to unload the boat, and get men for her every time she came and unloaded her. * * * The boat paid $117.60; that was equally divided between twenty-eight men. I worked with the men on the boat. I counted among the twenty-eight. Mr. Spry engaged me, and sent me word when the boat would come in, and to get a gang of men to unload it, and I brought men there to unload the boat when it came."

Mr. Spry, called on behalf of appellant, testified :

" Martin Hunt would come up in the spring and say, 'Mr. Spry, can I unload your boat ?' and I would say, 'Martin, what will you do?' and he would say, 'I want $4.20. I want ten cents for the water boy, ten cents for each man, and $4 for each man.' "

" Q. He wanted that for the season ? " " A. Yes, they took them for the season."

It was undisputed that appellant paid Hunt for the entire work, and that appellee and the other workmen received their pay from Hunt.

The finding of the jury that appellee was in the employ of Hunt, an independent contractor, and not in the employ of appellant, disposes of the contention. But if it were conceded that the appellant was the common master or employer of both the yard men and appellee, it would not of necessity follow that the doctrine contended for applied. It is apparent from the evidence that the relation between the men working on the boat and the yard men working on the dock, was not such as to make their duties " bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution." Rolling Mill v. Johnson, 114 Ill. 57; C. & A. R. R. v. Swan, 70 Ill. App. 331, affirmed in 176 Ill. 424.

The two sets of men had no relationship to each other, except that the ones upon the dock received the lumber from the ones upon the boat. Appellee and the others upon the boat had nothing whatever to do with the piling of the lumber, nor did their work bring them in contact with that part of the yard men's work. Appellee's association with the yard men was that of a day only, and it ended

with the passing of the lumber over the rail of the vessel. We think that the jury would have been warranted in finding that they were not fellow-servants, had there been ·proof of a common employer.

Nor can the contention ·that the. danger of the pile of lumber falling was an assumed hazard, be maintained. If appellee had been an employe of appellant, it could not be said from the evidence presented that he had assumed the risk. It appears conclusively that such a danger was not .ordinarily incident to the business and thát in fact it had never before occurred in the experience at that yard.

Neither could it be said that appellee, with knowledge of the danger, continued in his employment.

Finally, counsel for appellant contend that if appellee was an employe of Hunt, the appellant owed him no duty in the matter of keeping the surroundings upon the dock reasonably safe. . In other words, it is argued that he was a mere licensee upon the premises of appellant. To this we can not assent. Appellee was not a mere licensee, enjoying a license subject to its attendant perils. He was not upon the premises merely for his own convenience and pleasure. On the contrary, there was a relationship between him and appellant arising from the contract between appellant and his employer, Hunt. The class of cases, many of which are cited, wherein one visiting premises for his own pleasure or convenience is held to accept all perils accompanying the license, do not apply here. When appellant, for the purposes of its own business, contracted with Hunt to bring appellee and others to unload its vessel, it thereby not only invited but contracted for the presence of appellee, and became obligated to exercise reasonable care for his safety while upon its premises. Drennan v. Grady, 167 Mass. 415; Samuelson v. Cleveland, 49 Mich. 164; Powers v. Harlow, 53 Mich. 507; Evansville v. Griffin, 100 Ind. 221; Welch v. McAllister, 15 Mo. App. 492; Bennett v. Railroad Co., 102 U. S. 577; Indermauer v. Dawes, 1 L. R. C. P. 274; Heaven v. Pender, 11 L. R. Q. B. Div. 503.

The jury could not have properly found from the evidence that appellee was merely a licensee.

Upon the motion for a new trial it was sought to impeach the verdict by showing that it had been reached by adding together the several amounts voted as damages by the several jurors, and then taking the average of such amounts. The showing in that regard was wholly insufficient to establish the fact. It consisted only in finding in the jury room a piece of paper upon which was some unimportant writing by the foreman, and upon which there were twelve different sums noted, the average of which was noted as 12762.

Whether the figures were used for the purpose claimed, was matter of suspicion only, unsupported by anything which amounted to proof; and it is clear that the process alleged to have been used did not result in arriving at the amount for which the verdict here was rendered, viz., $1,000. The court properly disregarded the showing made in this behalf in overruling the motion for a new trial.

The judgment is affirmed.