[No. 6727.   Decided September 5, 1907.]

## J. H. MEYERS, *Respondent*, v. SYNDICATE HEAT & POWER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE—SERVANT OF INDEPENDENT CONTRACTOR. The owner of a building is liable to the servant of a steam fitter engaged to do repair work in the building, for negligence in leaving exposed an unguarded hot water tank into which the servant fell while in the discharge of his duties, without contributory negligence or notice of the tank; since he is bound to maintain his premises in a reasonably safe condition and furnish a safe place to work, both as to his own servants or servants of an independent contractor invited to work there.

TRIAL—CHALLENGE TO EVIDENCE—EFFECT. A challenge to the sufficiency of the evidence should be overruled, if the testimony makes a case for the plaintiff, whether strictly within the pleadings or not.

SAME—VERDICT—DISREGARD OF INSTRUCTIONS—OBJECTIONS. A challenge to the sufficiency of the evidence does not raise the objection that the jury disregarded an erroneous instruction which was binding on them, and under which there was not evidence to sustain the verdict.

APPEAL—REVIEW—WAIVER OF ERROR. Appellant cannot raise the objection that there was no evidence to warrant a verdict upon an issue which was submitted to the jury by an instruction given at appellant's request.

MASTER AND SERVANT—RELATIONSHIP—QUESTION FOR JURY. Where the owner of a building employed a steam fitter to make repairs in a building, whether or not another steam fitter in the employ of the other, who was sent to do the work, is a servant of the owner of the building or of an independent contractor, is usually a question for the jury.

DAMAGES—INJURIES—EXCESSIVENESS. A verdict for $2,700 for an injury to a steam fitter from stepping into a tank of hot water, whereby his foot was badly burned, is excessive and should be reduced to $1,700, where the injury was not of a permanent character.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 18, 1906, upon the verdict of a jury rendered in favor of the plaintiff in the sum

[1]Reported in 91 Pac. 549.

of $2,700, after a trial on the merits, in an action for injuries sustained in stepping into an uncovered hot-water tank. Affirmed on condition of remitting $1,000.

*Fogg & Fogg*, for appellant. The burden was upon the plaintiff to prove his allegations that he was in the employ of the defendant. *Larson v. American Bridge Co.*, 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904; *Dyer v. Middle Kittitas Irr. Dist.*, 40 Wash. 238, 82 Pac. 301; *Singleton v. Felton*, 101 Fed. 526; *Wilson v. Northern Pac. R. Co.*, 31 Wash. 67, 71 Pac. 713; *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089, 1 L. R. A., N. S., 283. Richardson was an independent contractor and not an employee. *Hexamer v. Webb*, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; *Whitney & Starrette Co. v. O'Rourke*, 172 Ill. 177, 50 N. E. 242; *City of Groesbeck v. Pinson*, 21 Tex. Civ. App. 44, 50 S. W. 620; *Morgan v. Smith*, 159 Mass. 570, 35 N. E. 101; *Geer v. Darrow*, 61 Conn. 220, 23 Atl. 1087. His employees had no right to put their tools in the room under the sidewalk, and were trespassers in going there. *Curtis v. Tenino Stone Quarries*, 37 Wash. 355, 79 Pac. 955; *Dotta v. Northern Pac. R. Co.*, 36 Wash. 506, 79 Pac. 32; *Matson v. Port Townsend So. R. Co.*, 9 Wash. 449, 37 Pac. 705; *McConkey v. Oregon R. & Nav. Co.*, 35 Wash. 55, 76 Pac. 526; *Hamlin v. Columbia & Puget Sound R. Co.*, 37 Wash. 448, 79 Pac. 991; *Normile v. Thompson*, 37 Wash. 465, 79 Pac. 1095. They were not acting within the scope of their employment in going into that room, nor upon any invitation or license. *Krebbs v. Oregon R. & Nav. Co.*, 40 Wash. 138, 82 Pac. 130; *Kennedy v. Chase*, 119 Cal. 637, 52 Pac. 33, 63 Am. St. 153; *Wright v. Rawson*, 52 Iowa 329, 3 N. W. 106, 35 Am. Rep. 275; *White v. Peninsular R. Co.*, 20 Wash. 132, 54 Pac. 999; *Ellsworth v. Metheney*, 44 C. C. A. 484, 104 Fed. 119; *Peake v. Buell*, 90 Wis. 508, 63 N. W. 1053, 48 Am. St. 946; *Schmidt v. Bauer*, 80 Cal. 565, 22 Pac. 256, 5 L. R. A. 580; *Morrison v. Burgess Sulphite Fibre Co.*, 70 N. H. 406, 41

Atl. 412, 85 Am. St. 634; *Bedell v. Berkey*, 76 Mich. 435, 43 N. W. 308, 15 Am. St. 370; *Hutchinson v. Cleveland-Cliffs Iron Co.*, 141 Mich. 346, 104 N. W. 698. It was error to allow the jury to speculate as to damages when the doctors could not tell whether the injuries were caused by the burns. *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457; *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County*, 33 Wash. 174, 73 Pac. 1118; *Patton v. Texas etc. R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361.

*Walter Christian* and *Chas. T. Peterson*, for respondent, contended, *inter alia*, that the defendant, having submitted to the jury the question whether Richardson was an independent contractor or an employee, cannot assert that there was no evidence upon the subject. *Dixon v. Baussman*, 17 Wash. 304, 49 Pac. 540; *Louisville etc. R. Co. v. Brice*, 84 Ky. 298, 1 S. W. 483; *Mitchell v. Matheson*, 23 Wash. 723, 63 Pac. 564; *Walker v. Sawyer*, 13 N. H. 191. The duty of an owner to an employee of a contractor with regard to the place to work is the duty owed by the employer to his own employee in such a case. *Sullivan v. New Bedford Gas & Edison L. Co.*, 190 Mass. 288, 76 N. E. 1048; *Stevens v. United Gas & Elec. Co.*, 73 N. H. 159, 60 Atl. 848, 70 L. R. A. 119. An owner of premises is liable to those invited to come upon his premises, for injuries resulting from their dangerous condition. *Samuelson v. Cleveland I. M. Co.*, 49 Mich. 164, 13 N. W. 499, 43 Am. Rep. 456; *Woodman v. Metropolitan R. Co.*, 149 Mass. 335, 21 N. E. 482, 14 Am. St. 427, 4 L. R. A. 213, and cases cited.

FULLERTON, J.—This is an action for personal injuries. In his complaint the respondent, who was plaintiff below, alleged in substance that he was employed by the appellant to work in and about a certain heat and power plant which the appellant was conducting in the basement of a building known

as the Washington building, located in the city of Tacoma; that, connected with the power plant, was a toolroom maintained by the respondent in which were kept the tools with which the respondent was to work; that beneath the floor of the toolroom, and opening therein, was a hot water tank filled with boiling water, which the appellant carelessly and negligently suffered to remain uncovered and unguarded; that the toolroom was insufficiently lighted, so that any one coming into or passing through the same was in grave danger of stepping into the water tank; that the respondent had never been warned of the existence of the tank; that in the course of his duties, while working under the direction of the appellant's foreman, it became necessary for him to go into the toolroom to get some tools; that after passing into the room, the lights in the adjoining rooms went out, leaving the toolroom insufficiently lighted for him to see the water tank, and on his attempting to leave the room, he stepped into the tank with his left foot, causing him great and permanent injuries, for which he demanded judgment. In its answer the appellant denied that the respondent was in its employ, or working under the direction of the foreman at the time he was injured, and denied that it was necessary, in the course of his duty or otherwise, for the respondent to go into the room in which he was injured; and while admitting that he did go into the room and step into the tank, denied that the tank was anywhere near the passageway of persons going into or through the room; and as an affirmative defense alleged contributory negligence on the part of the appellant. For reply, the respondent denied the affirmative allegations of the appellant's answer.

The case was tried to a jury, which returned a verdict in respondent's favor for $2,700. At the close of the evidence, the appellant moved the court to take the case from the jury and enter a judgment for the appellant, and on the motion being overruled, requested the court to instruct the jury to return a verdict in its favor, which motion was also denied. After the return of the verdict, it moved the court for a new

trial, on the ground, among others, that the verdict was excessive and given under the influence of passion and prejudice. This motion the court likewise denied. The several rulings on these motions constitute the errors assigned on this appeal.

The motion to take the case from the jury, and the motion for a directed verdict raise but one question; namely, the sufficiency of the evidence to justify a verdict in favor of the respondent. And, since the jury found in favor of the respondent, we must accept as true, where the evidence is contradictory, that part most favorable to his contention. The evidence tended to show the following facts: The appellant operates a heat, light, and power plant in the basement of the Washington building, in the city of Tacoma; that a fixture connected with its plant was an exhaust pipe, which ran from the boiler room to near the center of the building, thence upwards through a light-well to the roof. To accommodate certain alterations that were being made in the building, it became necessary to change this pipe to another part of the light-well. One Charles Richardson was selected to do the work. The appellant's secretary called him down to the plant, showed him what was necessary to be done, and directed him to procure the necessary assistance and move the pipe to the required position, telling him that the change must be made on the coming Sunday, as that would be the first day the fires would be out and the pipe cool enough to be handled.

Richardson was a master steam fitter, maintaining a workshop in the city of Tacoma, where he kept all the necessary materials and tools to successfully carry on his trade. He also kept regularly in his employ a number of men, some of whom were master steam fitters, and others apprentices and helpers. The conversation between the appellant's secretary and Richardson occurred near the middle of the week, probably on Wednesday. After ascertaining what was to be done, Richardson sent a steam fitter by the name of Diamond, with a couple of helpers, to the plant, directing them to do certain preliminary work found necessary to be done before the pipe

could be moved.  Diamond and the helpers went to the plant on Thursday, and continued working there during the remainder of the week.  While working there, the tools used by them were kept, by permission of the appellant, in a room off the engine room towards the front of the building, called by the witness the toolroom.  This room contained a work bench, and certain tools belonging to the appellant used in the business of steam fitting, and appears to have been used by the appellant as a work-shop for doing repair work.

The hot-water tank mentioned in the pleadings was in this room.  It was a receptacle into which was drained the water condensing from the steam within the steam pipes.  The respondent, who was also a master steam fitter, was at this time in the employ of Richardson working on a building in another part of the city.  On Saturday preceding the Sunday it was expected to move the pipe, Richardson told the respondent of the fact, and requested that he go down there the next morning and do the work, telling him at the same time, in answer to inquiries, that he would find the necessary tools and helpers there when he arrived.  The respondent reached the plant shortly before eight o'clock on Sunday morning, and found Diamond there in the engine room.  They at once proceeded to change their street clothes for their working clothes, and when they had finished, the respondent inquired of Diamond concerning the tools.  Diamond told him they were in the toolroom off the engine room, and they started for them, the respondent leading.  They passed through the door into the room, and had just reached the work bench when the lights in the building went out.  Diamond remarked that he had a candle and proceeded to light it with a match.  He failed in his effort, and not having another match, the respondent said he would go and get matches.  He turned and took a step or two towards the door when he stepped into the hot-water tank and received the injuries for which he sues.  The tank was uncovered and unguarded, and the respondent

had not been told of its being in the room by the appellant, nor did he know of its existence.

The facts as here stated seem to us to warrant a recovery, no matter what view may be taken of the relation existing between the appellant and respondent. If the respondent was an employee of the appellant, then the appellant was liable on the principle that it failed to provide him a reasonably safe place in which to work. On the other hand, if he was an employee of Richardson and Richardson was an independent contractor, it is liable to him on the principle that he was on the appellant's premises by special invitation, and appellant owed him the duty to maintain the premises in a reasonably safe condition for the uses the invitation authorized him to make of them, which duty it failed to perform. It is true the appellant extended no express invitation to the respondent to enter upon its premises, but it contracted with Richardson to so enter, and by its contract gave him express authority to employ the respondent. But in the absence of such express authority, the rule is that the servant of an independent contractor engaged in work for the contractor on the premises of the proprietor is deemed to be thereon by invitation of the proprietor; and the proprietor owes him the same duty to provide for his safety that it owes to the contractor himself; namely, that he will maintain the premises in a reasonably safe condition for the uses the contractor or servant is entitled to make of them, and will not expose him to hidden dangers of which he is not aware, but which are known to the employer. Thompson, Negligence, §§ 680, 968, 979; *Spry Lumber Co. v. Duggan*, 80 Ill. App. 394; *Bennett v. Railroad Co.*, 102 U. S. 577, 26 L. Ed. 294. So in this case, if the respondent's version of the occurrences is to be believed, the appellant owed the respondent the duty of either covering or guarding the tank into which he fell, or giving him timely warning of its existence; and failing in this, it rendered itself liable for the injuries received by him.

The appellant argues, however, in this connection, that the complaint proceeds upon the theory that the respondent was in the employ of the appellant, and that unless the respondent proved that fact the appellant was entitled to have its motion for judgment or for a directed verdict granted. But the motions of the appellant were nothing more than challenges to the sufficiency of the evidence, and the rule is that the challenge must be denied if the evidence itself makes a case against the challenging party, whether the case made falls strictly within the pleadings or not. To hold otherwise would be to deny the plaintiff the benefit of the statutes relating to amendments. It may be that in this case, owing to its somewhat peculiar circumstance, the appellant would have been entitled to have the respondent elect on which of these divergent principles he intended to rely, and compelled him to amend his complaint if he elected to rely on the principle that he was on the premises as an invitee of the appellant; but as no such request was made, the respondent cannot be held to be in default because he did not amend.

The appellant insists, also, that, since the court, at its request, charged the jury to the effect that they could not find for the respondent unless they found that he was an employee of the appellant at the time of the accident, and since, as it contends further, there was no evidence before the jury that he was such an employee, such charge became the law of the case, and entitled it to a verdict and judgment in the trial court, and consequently entitles it to a reversal in this court with instructions to enter a judgment in its favor. But while it is true this court has held that an instruction, even if erroneous or wrongfully given, is binding and conclusive upon the jury, and ground for reversal if the jury refuse to heed it (*Pepperall v. City Park Transit Co.*, 15 Wash. 176, 45 Pac. 743, 46 Pac. 407 ; *State v. McGilvery*, 20 Wash. 240, 55 Pac. 115; *Dyer v. Middle Kittitas Irr. Dist.*, 40 Wash. 238, 82 Pac. 301), we think this question is not presented in this record. The question was not raised, as we have shown, by

the motion for nonsuit, since the court was bound to deny that motion if it found that the evidence justified a recovery on another theory than that outlined in the complaint; and it is not raised by this instruction, since the appellant not only did not except to it but expressly requested that it be given, and consequently is now estopped from asserting that there was no evidence in the record on which to base it.

But if we were to concede that the question was properly before us, we would hesitate to declare the verdict against the evidence. Whether a person employed to do a specific piece of work is a servant of his employer or an independent contractor is often a question difficult of solution, and frequently depends upon the answer given to the question, what is the proper conclusion to be drawn from the facts proven? Where the proper conclusion is doubtful, or where different minds may legitimately draw different conclusions from the facts proven, the question whether such person is a servant of the hirer or an independent contractor, is for the jury, and the trial court is in duty bound to submit the question to them. It seems to us that this record presents such a state of facts. Without going into an analysis of the evidence, we think the jury may well have found that Richardson was a mere employee of the appellant, and authorized by it to employ the respondent on its behalf. This being true, there is no error in the court's charge, even under the appellant's conception of the state of the record.

On the question of excessiveness of the verdict we think the appellant has cause to complain. While the respondent was badly burned, and suffered severely for a time therefrom, we think it not of such a permanent character as to warrant the amount awarded him. The judgment should not exceed $1,700.

If, therefore, the respondent will remit from the judgment, within thirty days after the remittitur reaches the trial court, the sum of $1,000, the judgment will stand affirmed as to the remainder, $1,700, and costs taxed in that court. If,

however, he fails to so remit within the thirty days, the judgment will be reversed and a new trial awarded.   The appellant will recover costs in this court.

HADLEY, C. J., CROW, and RUDKIN, JJ., concur.