**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 7, 2023

*González C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 7, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

KIRSTEN† EYLANDER,
Personal Representative of the Estate
of Jeffry Eylander, deceased,

          Petitioner,

v.

PROLOGIS TARGETED U.S.
LOGISTICS FUND, LP, f/k/a
AMB U.S. LOGISTICS FUND, LP,
a Delaware limited partnership, and
PROLOGIS MANAGEMENT, LLC,
a Delaware limited liability
corporation,

          Respondents.

No. 101176-8

EN BANC

Filed: December 7, 2023

MONTOYA-LEWIS, J.— This case asks us to consider whether a landowner

may delegate their duty to invitees on the premises to an independent contractor. As

our society increases the use of contractors for services, the responsibilities of

---

† Petitioner informs the court that her first name is spelled "Kirsten." Pet. for Rev. at 1 n.1. It was incorrectly spelled as "Kristen" in prior captions in this matter. *Id.* Under RAP 3.4, the caption is updated to "Kirsten."

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

landowners and independent contractors must be further refined and addressed. In any field in which independent contractors might be utilized, the question of a landowner's duty to remediate known or obvious dangers comes into focus when that duty may be delegated.

In this case, Jeffry Eylander fell to his death while cleaning the roof of a warehouse; at the time he was employed by an independent contractor to complete that task and other work on the site. The warehouse was owned by Prologis Targeted U.S. Logistics Fund and Prologis Management LLC (collectively Prologis). Eylander's daughter, Kirsten Eylander, as personal representative of his estate (Petitioner), sued Prologis for wrongful death. It is undisputed that Eylander was an invitee and Prologis had a landowner's duty to remediate risks from known or obvious dangers. Thus, we are asked to determine whether a landowner may satisfy such a duty by delegating the duty to the independent contractor.

The Court of Appeals held that Prologis did not breach its duty to guard Eylander against known or obvious dangers on the premises by reasonably delegating the duty to an independent contractor who held itself out as a professional roofing contractor with the requisite experience to assume the delegation. We agree. We hold that Prologis fulfilled its duty to guard Eylander against known or obvious dangers on the premises by making a reasonable delegation of this duty to the independent contractor. We affirm and find that summary judgment was properly

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

granted for Prologis.

## I. FACTS AND PROCEDURAL HISTORY

A.      Factual Background

In early 2017, Prologis was in need of roofing maintenance and repair work on a commercial warehouse it owned.   Prologis selected Commercial Industrial Roofing Inc. (CIR) as an independent contractor at the recommendation of another property manager who was pleased with their work.   CIR held itself out as a professional roofing company with the expertise to perform the work Prologis was seeking, including compliance with laws requiring permitting and safety precautions, and providing CIR's own company safety program.   As a result, Prologis hired CIR to handle work on the roof, including the cleaning project during which Eylander's accident occurred.

Prologis and CIR entered into a contract requiring CIR to abide by all applicable laws, take sole responsibility for the health and safety of anyone providing the service, and immediately notify Prologis upon violation of any such law.   Moreover, the contract required CIR to create a site-specific roofer safety plan and post it on-site before gaining roof access.

CIR, as the professional roofing company, developed a fall avoidance work plan, which involved a safety monitor system for this cleaning project, where a

3

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

worker warned other workers to be careful and watch out for hazards.[1]  The plan also listed the skylights on the roof as hazards.  CIR shared the fall avoidance work plan with its employees but did not share its plan with Prologis because CIR had full discretion to select whatever safety measure it desired given its expertise in roofing.

Eylander was an employee of CIR, working on the cleaning project in June 2017.  He and the other CIR employees had signed off on the safety plan and had reminded each other to exercise caution with the unguarded skylights before they began their work.  He was cleaning the edge of the roof when he was distracted by loud exhaust coming from an old car in the parking lot.  The CIR foreman warned him that he was getting close to the skylight, but Eylander tripped and fell while walking backward.  He fell 30 feet to the concrete floor and died as a result of the impact.

B.     Procedural History

Petitioner sued Prologis for wrongful death.  She alleged that Prologis knew or should have known that the dangerous condition of the roof involved an unreasonable risk of harm to invitees such as Eylander, and that it breached its duty to exercise reasonable care to protect him from harm.  The superior court granted summary judgment for Prologis, ruling that Prologis did not owe a duty to Eylander

---

[1] CIR required wearing harnesses for other roofing work, but not for cleaning the roof.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

because CIR controlled the work and Prologis was entitled to rely on CIR's expertise as to the need for safety equipment.

On appeal, Prologis conceded that it owed Eylander a landowner's duty to remediate risks from known or obvious dangers. Wash. Ct. of Appeals oral argument, *Eylander v. Prologis Targeted U.S. Logistics Fund*, No. 82834-7-I, at 9 min., 55 sec. through 10 min., 20 sec., *video recording by* TVW, Washington State's Public Affairs Network.[2] Petitioner conceded that Prologis did not have a statutory duty to Eylander and did not argue Prologis had a common law duty based on retained control over his work, thus narrowing the analysis to Prologis's alleged liability under the common law from its status as a possessor of land. The Court of Appeals accepted the concessions and affirmed the trial court in a published opinion, holding that Prologis did not breach its duty to guard Eylander against known or obvious dangers on the premises by delegating to CIR. *Eylander v. Prologis Targeted U.S. Logistics Fund*, 22 Wn. App. 2d 773, 780-81, 513 P.3d 834 (2022). It reasoned that Prologis acted reasonably because CIR held itself out as a professional roofing contractor with the experience and capacity to assume the delegation of the duty. *Id.* We granted review.

---

[2] http://www.tvw.org/watch/?clientID=9375922947&eventID=2022061049& startStreamAt=595&stopStreamAt=620.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

## II. ANALYSIS

We review the grant of a motion for summary judgment de novo. *Benjamin v. Wash. State Bar Ass'n*, 138 Wn.2d 506, 515, 980 P.2d 742 (1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). All evidence must be viewed in the light most favorable to the nonmoving party. *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). We may affirm a summary judgment ruling as a matter of law on any ground supported by the record. *Johnson v. Wash. State Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021).

In a wrongful death action based on negligence, the plaintiff must establish four elements: (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury. *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). Petitioner concedes Prologis did not have a statutory duty to Eylander and does not argue that Prologis had a common law duty based on retained control over his work. Thus, our analysis is limited to Prologis's alleged duty to an invitee under the common law from its status as a possessor of land.

A landowner's duty of care differs depending on the status of the person on the premises as an invitee, licensee, or trespasser. *Tincani v. Inland Empire*

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Zoological Soc'y.*, 124 Wn.2d 121, 128, 875 P.2d 621 (1994) (citing *Van Dinter v.*

*Kennewick*, 121 Wn.2d 38, 41-42, 846 P.2d 522 (1993)). It is well settled that an

independent contractor's employees are considered invitees on a landowner's

premises. *Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 125, 52 P.3d 472 (2002)

(citing *Meyers v. Syndicate Heat & Power Co.*, 47 Wash. 48, 91 P. 549

(1907); *Epperly v. City of Seattle*, 65 Wn.2d 777, 786, 399 P.2d 591 (1965)). It is

undisputed that Eylander was an invitee because Prologis hired CIR to maintain its

warehouse. We have adopted *Restatement (Second) of Torts* § 343 (AM. L. INST.

1965) (hereinafter § 343) and § 343A (hereinafter § 343A) to define a landowner's

duty to an invitee. *Kamla*, 147 Wn.2d at 125 (citing *Iwai v. State*, 129 Wn.2d 84,

93-94, 915 P.2d 1089 (1996) (plurality opinion)). Under § 343, a landowner is only

liable for physical harm to their invitees caused by a condition on the land if the

landowner

> (a) knows or by the exercise of reasonable care would discover the
> condition, and should realize that it involves an unreasonable risk of
> harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or
> will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

In short, a landowner owes an invitee a duty of reasonable care to make the land safe

for entry. *Tincani*, 124 Wn.2d at 138-39. "Reasonable care requires the landowner

to inspect for dangerous conditions, 'followed by such repair, safeguards, or warning

as may be reasonably necessary for [the invitee's] protection under the

7

circumstances.'" *Id.* (alteration in original) (quoting § 343 cmt. b). Such a duty does not render a landowner "a guarantor of safety—even to an invitee." *Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 860, 31 P.3d 684 (2001) (citing *Geise v. Lee*, 84 Wn.2d 866, 871, 529 P.2d 1054 (1975)). This means that a landowner does not need to deliver a jobsite free from hazards. *See Kamla*, 147 Wn.2d at 126-27. In fact, a landowner is not generally liable to their invitees for physical harm caused by a condition on the land "'"whose danger is known or obvious to them,"'" unless the landowner "'"should anticipate the harm despite such knowledge or obviousness."'" *Mucsi*, 144 Wn.2d at 859 (quoting *Iwai*, 129 Wn.2d at 94 (quoting § 343A(1))).

Here, Prologis owed a duty of reasonable care to the invitees—the CIR employees—to protect against the danger of the unprotected skylights because it could anticipate the danger posed by the skylights despite their obviousness. The issue is therefore whether Prologis could delegate that duty to CIR as the independent contractor and, if so, whether it was reasonable to do so. As discussed below, we find that Prologis reasonably delegated its duty to CIR.

A principal who engages an independent contractor is generally not liable for injuries caused by an independent contractor's conduct. *Millican v. N.A. Degerstrom, Inc.*, 177 Wn. App. 881, 890, 313 P.3d 1215 (2013) (citing *Stout v. Warren*, 176 Wn.2d 263, 269, 290 P.3d 972 (2012); RESTATEMENT (SECOND) OF

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

TORTS § 409). An exception to this general rule is the nondelegable duty doctrine, subjecting the principal to liability for an independent contractor's tortious conduct even if the principal exercised reasonable care. *Id.* at 890-91 (citing RESTATEMENT (SECOND) OF TORTS §§ 416-429). A nondelegable duty is "'[a] duty for which the principal retains primary (as opposed to vicarious) responsibility for due performance even if the principal has delegated performance to an independent contractor.'" *Crisostomo Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 738, 452 P.3d 1205 (2019) (alteration in original) (quoting BLACK'S LAW DICTIONARY 638 (11th ed. 2019)).

The existing criteria for the character of a nondelegable duty is less than clear. *Millican*, 177 Wn. App. at 892 (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS 511-12 (5th ed. 1984) (hereinafter PROSSER & KEETON)). But we know a nondelegable duty arises only in limited circumstances, such as where the landowner retains the right to control the independent contractor's work, *Afoa v. Port of Seattle*, 191 Wn.2d 110, 121, 421 P.3d 903 (2018) (citing *Kamla*, 147 Wn.2d at 123), and when required by statute, contract, franchise or charter, or by the common law. *Millican*, 177 Wn. App. at 891-92; PROSSER & KEETON, *supra*, at 511.

The retained control doctrine is a different theory of liability from the common law premises liability approach, whereby a jobsite owner or general contractor

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

"'who exercises pervasive control over a work site'" has a nondelegable duty to keep that work site reasonably safe for all workers. *Afoa*, 191 Wn.2d at 117 (quoting *Afoa v. Port of Seattle*, 176 Wn.2d 460, 481, 296 P.3d 800 (2013)); *see also Stute v. P.B.M.C., Inc.*, 114 Wn.2d 454, 464, 788 P.2d 545 (1990). The duty based on retained control focuses on the nature of the relationship between the general contractor/jobsite owner and independent contractor. *See, e.g.*, *Stute*, 114 Wn.2d at 464 (a general contractor's duty to an independent contractor's employee was nondelegable "because the general contractor's *innate supervisory authority* constitute[d] sufficient control over the workplace" (emphasis added)).

In contrast, the duty based on premises liability is less about the relationship between the landowner and the invitee and more about protecting the invitee because the invitee is on the landowner's land. *Tincani*, 124 Wn.2d at 140 ("Duties to invitees exist only when an individual is on the physical plot of land within the area of invitation."). Petitioner is not arguing the retained control theory of liability, and the record shows that Prologis did not exercise any control over the manner in which CIR engaged in work on the roof. Thus, this case does not raise a retained control issue and Prologis's duty is not nondelegable.

A duty is also considered nondelegable when required by statute, contract, franchise or charter, or by the common law. *Millican*, 177 Wn. App. at 891 (citing *Tauscher v. Puget Sound Power & Light Co.*, 96 Wn.2d 274, 283, 635 P.2d 426

10

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

(1981)); PROSSER & KEETON, *supra*, at 511.  The common thread appears to be the presence of a responsibility "'so important to the community'" that it cannot be delegated, *Millican*, 177 Wn. App. at 892 (quoting PROSSER & KEETON, *supra*, at 511), such as the duty of a carrier to transport its passengers in safety, PROSSER & KEETON, *supra*, at 511-12 (citing *Eli v. Murphy*, 39 Cal. 2d 598, 598-99, 248 P.2d 756 (1952) (holding that a motor transport company could not delegate its duty to transport freight to a highway common carrier, in light of the need to protect the public from financially irresponsible contractors and to strengthen safety regulations)).  Here, Petitioner conceded that there is not a statutory nondelegable duty at issue, but she appears to argue that the duty is nondelegable under the common law duty owed to an invitee.

Petitioner heavily relies on *G. W. Blancher v. Bank of California*, 47 Wn.2d 1, 286 P.2d 92 (1955), for the assertion that duties owed by landowners to invitees on the premises are nondelegable.  Her reliance on this case is misplaced, as it did not involve the issue of whether a landowner can delegate the duty to protect against dangerous conditions on the land when it does not retain control of the work or work site.

*Blancher* was about the duty a business owes to a customer when the business hires an independent contractor who acts negligently.  There, a bank hired a contractor to clean and redecorate.  *Id.* at 2.  A patron of the bank was injured when

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

she tripped over a stepladder the contractor had left on the lobby floor. *Id.* at 3-4.

The court found that the bank owed a duty to its invitees to provide and maintain a

safe place for people going to the bank and that the performance of that duty was

nondelegable. *Id.* at 8. *Blancher* is distinguishable from the case at hand. There,

the court determined the duty was nondelegable because the bank retained control

over the premises and the work. *Id.* at 4-5, 8. In doing so, the court relied on *Myers*

*v. Little Church by the Side of the Road*, 37 Wn.2d 897, 904, 227 P.2d 165 (1951),

which held that a "master's duty to provide [a] servant with a reasonably safe place

to work is nondelegable." *Blancher*, 47 Wn.2d at 9. Further, *Blancher* did not

evaluate a landowner's duty to an invitee under § 343 and § 343A. *See generally id.*

Here, Petitioner does not assert that Prologis retained control over CIR's work nor

did Prologis and CIR have a "master/servant" relationship. Prologis never even saw

CIR's safety plan, and CIR had full discretion to select whatever safety measure it

desired because it was the expert in roofing.[3]

To the extent that Petitioner relies on other cases to assert that the duty is

---

[3] Likewise, *Mihaila v. Troth*, 21 Wn. App. 2d 227, 505 P.3d 163 (2022), is inapposite to the analysis of whether a landowner's duty to an invitee is delegable. *Mihaila* was about the duty a landowner owes to an invitee contractor when there is no other person involved and no question of delegation. There, homeowners hired a solo remodeling contractor to install a roof on their shed. *Id.* at 229. The contractor was injured when his ladder fell and he landed on a rod protruding from the ground. *Id.* at 229-30. The Court of Appeals held that the homeowners had a duty to protect the contractor from the open and obvious danger of the rod. *Id.* at 236-37. Although the court conducted an analysis under § 343 and § 343A, *id.* at 233, unlike the circumstances here, delegation was not at issue, and therefore the case does not assist in our analysis.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

nondelegable, those cases are similarly irrelevant. *E.g.*, *Knutson v. Macy's W. Stores, Inc.*, 1 Wn. App. 2d 543, 549, 406 P.3d 683 (2017) (where passengers on an escalator were injured, the court addressed whether the operators of the escalator were liable for negligence because of their status "as a common carrier, not as an owner of premises"); *Myers*, 37 Wn.2d at 900, 904-05 (where a hotel clerk was injured by a stalled elevator, the court addressed whether the hotel operator, not a landowner, was liable for negligence and therefore did not analyze premises liability); *Meyers*, 47 Wash. at 53-54 (where an employee was burned by a vat of hot water, the court addressed employer's negligence for hidden dangers, not known or obvious dangers, and delegation was not at issue). Petitioner has not identified a single case that stands for the proposition that duties owed by landowners to invitees on the premises are nondelegable, nor has Petitioner attempted to argue that this is the kind of duty "'so important to the community'" that it cannot be delegated. *Millican*, 177 Wn. App. at 892 (quoting PROSSER & KEETON, *supra*, at 512).

Although no Washington case has yet directly addressed whether a landowner may satisfy its § 343 and § 343A duty to an invitee employed by an independent contractor by delegating the duty to the contractor, *Kamla* appears to be the most analogous. 147 Wn.2d at 118-27. There, the landowner, Space Needle Corporation, hired an independent contractor to install a fireworks display at the Space Needle. *Id.* at 118. Kamla, an employee of the independent contractor, was injured when his

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

safety line snagged on an open elevator shaft. *Id.* Kamla sued the Space Needle for negligence, and this court employed both a § 343 and § 343A and a retained control analysis. *Id.* at 121-22, 125-26, 132-33 (Chambers, J., dissenting).

We held, based on § 343 and § 343A, the Space Needle did not owe a duty to warn Kamla of an open or obvious hazard because it should not have anticipated the harm where the contractor had independently devised a safety system designed to avoid the elevator. *Id.* at 125-27. We also held that the Space Needle was not liable for Kamla's injuries because it did not retain control over the manner in which the independent contractor installed the fireworks display or completed its work, and the independent contractor was free to do the work its own way. *Id.* at 121-22, 127. Specifically, the Space Needle did not affirmatively assume responsibility for workers' safety; instead, it simply agreed to provide the independent contractor with access to a display site and fallout zone, crowd control, firefighters, and permit fees. *Id.* at 121-22.[4]

Our holding that a landowner can delegate this duty is consistent with the holding in *Kamla*, where the Space Needle was not liable under either theory despite hiring an independent contractor to manage the project and implement a safety plan.

---

[4] Petitioner claims that the Court of Appeals misconstrued the holding of *Kamla* and states that the *Kamla* court "found the Space Needle owed a duty." Pet. for Rev. at 15 n.28. This is inaccurate, as the court held that the "Space Needle had no duty to anticipate the harm." *Kamla*, 147 Wn.2d at 127.

14

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

*See id.* at 127. That case also addressed nondelegation in the context of statutory

Washington Industrial Safety and Health Act of 1973 (WISHA) requirements,[5]

which impose a nondelegable duty to general contractors. *Id.* at 122-24. The Space

Needle was not a general contractor, and the court determined that as a jobsite owner,

it was too different from a general contractor to justify imposing that nondelegable

statutory duty. *Id.* at 127. Rather, "some jobsite owners may reasonably rely on the

contractors they hire to ensure WISHA compliance because those jobsite owners

cannot practically instruct contractors on how to complete the work safely and

properly." *Id.* at 124-25.

Although WISHA is not at issue in this case, this holding stands for the long-

standing principle that landowners are not guarantors of safety to invitees and are

allowed, and even encouraged, to rely on the expertise of the professional contractors

they hire to carry out specialized work on the premises. *See id.; see also Tauscher*,

96 Wn.2d at 281-82 (cautioning against expanding a landowner's duty to the

employees of independent contractors, concerned that it would incentivize

landowners to use their own inexperienced employees to escape liability instead of

hiring experienced, specialized contractors); *Kessler v. Swedish Hosp. Med. Ctr.*, 58

Wn. App. 674, 679, 794 P.2d 871 (1990) (noting that "it would be an undesirable

---

[5] All general contractors have a statutory nondelegable duty to ensure compliance with all WISHA regulations. *Id.* at 122 (citing *Stute*, 114 Wn.2d at 464); ch. 49.17 RCW. Statutory duties under WISHA are not at issue in this case.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

rule that would insulate a landowner from his own employees' claims under workers' compensation laws, yet make him liable to an independent contractor's employee, who is hired specifically to perform the hazardous work in question").

The general rule is that a principal who engages an independent contractor is not liable for injuries caused by an independent contractor's conduct. *Millican*, 177 Wn. App. at 890. The exception for a nondelegable duty arises only in limited circumstances not present here, such as when created by statute or when the landowner retains control. *Id.*; *Afoa*, 191 Wn.2d at 121. Petitioner has not demonstrated any persuasive argument that would prohibit a landowner from satisfying the duty to make the land safe for invitees by delegating it to an independent contractor.

Thus, a landowner may satisfy its duty to guard the invitee against known or obvious dangers on the premises by delegating the duty of protection to an independent contractor. *See Kamla*, 147 Wn.2d at 127. Such a delegation may be reasonable under the following circumstances. First, the delegation is explicit in nature and the scope requires the independent contractor to assume the duty of exercising reasonable care to make the land safe for entry, meaning the delegation anticipates the harm of known or obvious dangers. *See Mucsi*, 144 Wn.2d at 859 (quoting *Iwai*, 129 Wn.2d at 94 (quoting § 343A(1))); *see also Tincani*, 124 Wn.2d at 138-39. Second, the landowner exercises reasonable care in selecting a competent

16

contractor with the proper experience and capacity to work in the presence of a known or obvious danger. *See* PROSSER & KEETON, *supra*, at 510 ("Where there is a foreseeable risk of harm to others unless precautions are taken, it is his duty to exercise reasonable care to select a competent, experienced, and careful contractor with the proper equipment, and to provide, in the contract or otherwise, for such precautions as reasonably appear to be called for.").

Here, Prologis delegated its duty formally through written contract, and CIR agreed to abide by all applicable laws, be solely responsible for the health and safety of all persons providing the service, and create and post a site-specific roofer safety plan in advance of gaining access to the roof. In other words, CIR knew Prologis was delegating its duty of reasonable care and agreed to assume such a duty. As a result, Prologis required CIR to anticipate dangerous conditions on the roof and take concrete steps to remediate the risks to its employees. Since CIR accepted the terms, Prologis unambiguously and explicitly delegated its duty to CIR to exercise reasonable care to make the roof safe for entry.

The record also reflects that CIR held itself out as a professional roofing company that had the knowledge and experience for it to reasonably assume such a delegation. Additionally, Prologis selected CIR for this work after another property manager recommended CIR's work. Nothing in the record suggests that Prologis had reason to question CIR's professionalism or specified knowledge. Prologis

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

exercised reasonable care in selecting CIR to perform this work and to guard against the dangers of the roof, given its experience and expertise. Prologis did not act unreasonably in relying on CIR's expertise to protect against the dangers on the roof; simply stated, Eylander's tragic death was an accident. The undisputed evidence shows Prologis fulfilled its duty of reasonable care to Eylander by selecting CIR and reasonably delegating the duty to it.

### III. CONCLUSION

In sum, the general rule is that a principal who engages an independent contractor is not liable for injuries caused by an independent contractor's conduct. Nondelegable duties arise only in narrow circumstances, none of which are present here. Therefore, we hold that Prologis fulfilled its duty to guard Eylander against known or obvious dangers on the premises by making a reasonable delegation of this duty to CIR. Accordingly, we affirm and conclude that summary judgment was properly granted for Prologis.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Eylander v. Prologis Targeted U.S. Logistics*
No. 101176-8

_____
Montoya-Lewis, J.

WE CONCUR:

_____
González, C.J.

_____

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Judge, J.P.T.

19

No. 101176-8

STEPHENS, J. (concurring)—I join the majority in result. I write separately to emphasize that the result is narrow and relates solely to the question of *breach* of a recognized legal duty—not the existence of a duty in the first instance. Simply put, summary judgment was appropriate here because reasonable minds could not disagree that Prologis exercised reasonable care as a landowner when it contracted with CIR to require a fall safety plan for its workers on the roof and relied on CIR's expertise to implement that plan. Unfortunately, the clarity of this holding is obscured by the inaccurate and confusing description of the liability question in terms of a "nondelegable duty." This misdescription stems from the parties' initial framing of the question, which conflates the distinct notions of when a legal duty is nondelegable and when, in the course of carrying out that duty, the responsibility for certain work may reasonably be entrusted to a contractor.

The nondelegable duty doctrine represents a specific form of vicarious liability and describes situations in which a defendant may be held liable for another's negligence. As the majority notes, it arose as an exception to the common

*Eylander v. Prologis*, No. 101176-8
(Stephens, J., concurring)

law rule that a principal is not vicariously liable for the tortious conduct of a nonemployee, independent contractor. Majority at 8-9 (citing *Millican v. N.A. Degerstrom, Inc.*, 177 Wn. App. 881, 890-91, 313 P.3d 1215 (2013) (citing RESTATEMENT (SECOND) OF TORTS §§ 409, 416-429 (AM. L. INST. 1965); *Crisostomo Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 738, 452 P.3d 1205 (2019)). The doctrine applies in contexts deemed "'so important to the community'"—as reflected in statutes, contracts, or public policy—that the principal must bear legal responsibility for another's negligence despite not being directly negligent or having retained control. *Id.* at 10 (internal quotation marks omitted) (quoting *Millican*, 177 Wn. App. at 892). In such situations, though the defendant may rely on another for performance of the work involved in meeting its duty, it may not delegate away the duty. *Vargas*, 194 Wn.2d at 738; *Millican*, 177 Wn. App. at 890-91.

The majority recognizes that cases involving a nondelegable duty are irrelevant to the premises liability theory of liability at issue here. Neither party disputes that Prologis owed Eylander a duty as a landowner to exercise reasonable care with respect to known or obvious hazards on the premises that Prologis knew employees like Eylander would encounter. Nor do the parties dispute that this is the sole theory of liability. *See* majority at 5 (noting "Prologis conceded that it owed Eylander a landowner's duty to remediate risks from known or obvious dangers" and "Petitioner conceded that Prologis did not have a statutory duty to Eylander and

2

*Eylander v. Prologis*, No. 101176-8
(Stephens, J., concurring)

did not argue Prologis had a common law duty based on retained control over his work, thus narrowing the analysis to Prologis's alleged liability under the common law from its status as a possessor of land"). Indeed, after an extended discussion distinguishing cases involving landowners who owed nondelegable duties under work site safety laws or the retained control doctrine, the majority concludes that the nondelegable duty doctrine arises in "circumstances not present here, such as when created by statute or when the landowner retains control." *Id.* at 16. And, its ultimate holding on the premises liability claim at issue is simply that no reasonable jury could find Prologis breached its duty to Eylander. Majority at 18 (holding Prologis "*fulfilled* its duty to guard Eylander against known or obvious dangers on the premises by making a reasonable delegation of this duty to CIR" (emphasis added)); *see also id.* at 2 (agreeing with the Court of Appeals that Prologis did not breach its duty as a matter of law), 5 (recognizing lower court's holding that Prologis "acted reasonably" as a matter of law).

Given that the majority's holding pertains to the issue of breach, not the existence of a duty, what is meant by the repeated statements that Prologis fulfilled its duty by delegating that duty? After all, if Prologis delegated away its duty and bears no vicarious liability for CIR's alleged negligence, what duty was there to fulfill? Read in context, I believe the majority, like the parties, uses the word "duty" in two different ways. First, the majority recognizes that Prologis concededly owed

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

a *legal* duty: the duty to make its premises reasonably safe for invitee employees of an independent contractor with respect to known or obvious hazards it has reason to anticipate the employees may encounter. That is the direct duty of a landowner under premises liability principles, as the majority correctly explains. *Id.* at 6-8. Accordingly, in stating that Prologis reasonably "delegated" its duty to CIR to protect Eylander from the risk of falling while working on the roof, the majority is plainly not denying the existence of the legal duty it just recognized. Instead, it describes what Prologis "delegated" as the performance of specific safety measures that it reasonably contracted with CIR to undertake. *See id.* at 16 (holding that a landowner exercises reasonable care by selecting a competent contractor and providing "'in the contract or otherwise, for such precautions as reasonably appear to be called for'" (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS 510 (5th ed. 1984))); *see also id.* at 15 (noting "the long-standing principle that landowners are not guarantors of safety to invitees and are allowed, and even encouraged, to rely on the expertise of the professional contractors they hire to carry out specialized work on the premises"). Stated differently, the majority's holding is that Prologis had a duty grounded in premises liability and there is no disputed fact that it met that duty by reasonably contracting with CIR to develop and implement a fall safety plan for its employees.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Eylander v. Prologis*, No. 101176-8
(Stephens, J., concurring)

The distinction matters, as it is important to avoid the confusion that comes from blending statements about duty (a legal question) and breach of duty (a factual question). Unfortunately, the majority's analysis sometimes conflates the two, but it should not be read as narrowing the scope of a landowner's duty under the well-established premises liability principles it relies on. Recognizing the different uses of the term "duty" in the majority opinion helps to align its holding with the precedent it discusses and the facts it finds essential to the conclusion that Prologis fulfilled its duty as a matter of law. I believe this reading of the majority is clear from the contrast between its holding—"Prologis fulfilled its duty"—and its description of cases such as *Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 52 P.3d 472 (2002), which held that the landowner owed no duty under premises liability law. *Compare* majority at 18 (recognizing Prologis fulfilled its duty), *with id.* at 14 n.4 ("'the Space Needle had no duty to anticipate the harm'" (quoting *Kamla*, 147 Wn.2d at 127)). In stating that Prologis reasonably delegated to CIR, the majority relies not on statutory or common law statements about who should bear responsibility for workplace safety—the hallmark of the analysis of a nondelegable duty—but on the particular evidence in this case. Specifically, it points to the fact that Prologis selected CIR based on its expertise and that Prologis's contract with CIR required CIR to abide by applicable laws, including responsibility for the safety of its employees, and to create and implement a site-specific roofer safety plan in

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Eylander v. Prologis*, No. 101176-8
(Stephens, J., concurring)

advance of gaining access to the roof. *Id.* at 17 ("The undisputed evidence shows Prologis fulfilled the duty of reasonable care to Eylander by selecting CIR and reasonably delegating the duty to it."). Such a fact-based holding confirms that the majority's conclusion is not that Prologis owed no legal duty as a landowner but that reasonable minds could not disagree that Prologis fulfilled the duty.

With this narrow holding, I concur.

Stephens, J.

Madsen, J.

6